**UNITED STATES of America, Plaintiff-Appellee,**

v.

**David BERRY, Defendant-Appellant.**

**No. 12822.**

United States Court of Appeals Seventh Circuit.

May 2, 1960.

Kenneth C. Raub, U. S. Atty., Charles R. LeMaster, Asst. U. S. Atty., Fort Wayne, Ind., for appellee.

Before HASTINGS, Chief Judge, SCHNACKENBERG, Circuit Judge, and MERCER, District Judge.

HASTINGS, Chief Judge.

Defendant-appellant David Berry and one Sylvester Brown were charged in a two-count indictment with selling heroin in violation of 26 U.S.C.A. § 4704(a), and with the unlawful receipt, concealment and sale of heroin after unlawful importation in violation of 21 U.S.C.A. § 174. On motion of the Government, the two counts were dismissed as to Brown; and defendant was tried by a jury and found guilty on both counts. Judgment was entered on the jury verdict. Defendant was sentenced for a term of five years and fined in the sum of $5,000 on the first count and was sentenced for a term of twenty years and fined in the sum of $5,000 on the second count, the sentences to run consecutively. This appeal followed.

The trial court denied defendant's motions for acquittal made at the close of the Government's case and again at the conclusion of all the evidence. The errors relied upon for reversal relate to the admissibility and exclusion of certain evidence; to instructions given by the court; to the denial to defendant's counsel of the right to inspect a written report of a Government witness; and to certain questions propounded by the Government to one of its witnesses.

In view of the disposition to be made of this appeal, we shall limit our consideration of the alleged errors to the denial of the right of inspection of the written report of the Government witness.

Anthony D. Johnson, a key witness for the Government, testified that he was a federal narcotics agent assigned to Chicago, Illinois; and that prior to the alleged narcotics violations he was in Gary, Indiana, conducting an undercover investigation of illicit narcotics traffic in Gary that subsequently led to the arrest and

Max Cohen and Louis C. Holland, Gary, Ind., for appellant.

indictment of defendant. Johnson testified concerning the details of his investigation. On cross-examination, he stated that he made a written report of the case to the Government, giving a copy to the United States Attorney in Hammond, Indiana; that the report was prepared in his office subsequent to his investigation; and that his testimony at the trial was substantially the same as it appeared in his written report given to the Government.

During Johnson's cross-examination, defendant's counsel moved for an order of court directing the Government to produce Johnson's written report for inspection by such counsel for use in further cross-examination for impeachment purposes, pursuant to the so-called "Jencks" Act, 18 U.S.C.A. § 3500. The trial court sustained the Government's objection to this motion to produce on the ground that the statute was not applicable to this situation, and the motion for inspection was denied.

The pertinent parts of the statute read:

"§ 3500. Demands for production of statements and reports of witnesses

"(a) In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) to an agent of the Government shall be the subject of subpena, discovery, or inspection until said witness has testified on direct examination in the trial of the case.

"(b) After a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement (as hereinafter defined) of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified. If the entire contents of any such statement relate

to the subject matter of the testimony of the witness, the court shall order it to be delivered directly to the defendant for his examination and use.

\* \* \* \* \* \*

"(e) The term 'statement', as used in subsections (b), (c), and (d) of this section in relation to any witness called by the United States, means—

"(1) a written statement made by said witness and signed or otherwise adopted or approved by him \* \* \*."

It seems clear that the character of the report of the witness comes within the purview of the statute. Subsection (a) is found to be satisfied when the witness who made the report "testified on direct examination in the trial of the case." It is admitted that the "statement \* \* \* of the witness in the possession of the United States \* \* \* relates to the subject matter as to which the witness has testified," as required in Subsection (b). It cannot be seriously doubted that the report is covered by the definition found in Subsection (e) (1) as being "a written statement made by said witness and signed or otherwise adopted or approved by him."

Since the enactment of 18 U.S.C.A. § 3500, following the decision in Jencks v. United States, 1957, 353 U.S. 657, 77 S. Ct. 1007, 1 L.Ed.2d 1103, a decisional pattern has started to evolve. The statute "and not the Jencks decision governs the production of statements of government witnesses for a defendant's inspection at trial." Rosenberg v. United States, 1959, 360 U.S. 367, 369, 79 S.Ct. 1231, 1233, 3 L.Ed.2d 1304; Palermo v. United States, 1959, 360 U.S. 343, 79 S.Ct. 1217, 3 L.Ed.2d 1287.

Subsection (a) "manifests the general statutory aim to restrict the use of such statements to impeachment." Palermo v. United States, supra, 360 U. S. at page 349, 79 S.Ct. at page 1223. In determining whether, in a doubtful situation, a particular statement comes

within the terms of Subsection (e), the Supreme Court approved "the practice of having the Government submit the statement to the trial judge for an *in camera* determination," and said that while the "statute governs the production of documents," it "does not purport to affect or modify the rules of evidence regarding admissibility and use of statements once produced." Id. 360 U.S. at page 354, 79 S.Ct. at page 1225. The Court points out that the limiting design of the statute would be defeated if "the defense may see statements in order to argue whether it should be allowed to see them." Ibid.

In Palermo, the Court held that a Government agent's brief summary of approximately 600 words, of a 3½ hour interrogation of a witness, was not a "statement" within the definition in Subsection (e). In Rosenberg, the Court held that two reports by FBI investigators did not comply with the statute since they "were neither signed nor otherwise adopted by any witness at the trial, nor were they reproductions as statutorily required of any statement made by any witness at the trial." 360 U.S. at page 369, 79 S.Ct. at page 1233.[1] The Court also considered other types of "statements" in that case.

In the instant case we have a Government agent as the witness whose written report to his superiors is sought to be produced for the purpose of his impeachment. The critical question before us is whether such an agent witness comes within the category described in Subsection (a) as being a Government witness who made a report to an agent of the Government. The Supreme Court of the United States has not yet passed upon ¹his precise question.

In Palermo and Rosenberg, the defendant sought production to impeach a *lay witness*. Production was denied because the statements in question did not meet the statutory test. To the same effect is the holding in Borges v. United States, D.C.Cir., 1959, 270 F.2d 332.

Cases involving the impeachment of *Government informant witnesses*, following the decision in Jencks, include our holding in United States v. Killian, supra; and Papworth v. United States, 5 Cir., 1958, 256 F.2d 125, certiorari denied, 358 U.S. 854, 79 S.Ct. 85, 3 L.Ed. 2d 88. In Papworth, the court held that the agent's longhand notes made at the time of interrogation were subject to production, but that his subsequent investigative report did not meet the statutory requirement.

Situations concerning a *Government agent witness*, as in the case at bar, in addition to United States v. Clancy, supra, have been considered by courts of appeal. In Needelman v. United States, 5 Cir., 1958, 261 F.2d 802, certiorari granted, 1959, 361 U.S. 808, 80 S.Ct. 87, 4 L.Ed.2d 58, a narcotics agent made notes of his investigation dealing with defendant, and later prepared an investigative report from them. At trial, the investigative report was delivered to defendant for inspection but the agent's longhand notes were not. The Fifth Circuit affirmed on the ground that the notes did not come within the statute. This holding was followed in Tillman v. United States, 5 Cir., 1959, 268 F.2d 422. In Bradford v. United States, 9 Cir., 1959, 271 F.2d 58, 65, on petition for rehearing, the court reached a result opposite to that in Needelman and Tillman, grounding its decision on the Jencks case rather than the statute. In Johnson v. United States, 10 Cir., 1959, 269 F.2d 72, a government agent case, the court held the memorandum in question was not a statement within the meaning of the statute.

In Holmes v. United States, 4 Cir., 1959, 271 F.2d 635, the court faced and

1. For statements recently held by our court as not coming within the statute, see United States v. Clancy, 7 Cir., 276 F.2d 617. For an analysis of the correct procedure for a district court to follow in such cases, see United States v. Killian, 7 Cir., 275 F.2d 561. Each of these cases took cognizance of the holdings in Palermo and Rosenberg.

**830**

squarely decided the issue before us here, saying:

> "The Government now contends, however, that the Jencks Act does not apply to statements prepared by a government agent who becomes a witness at the trial. In the Jencks case, itself, the defendant sought the production of FBI reports in order to obtain material with which to cross examine an FBI informer, and clearly that was the situation which Congress had principally in mind when it enacted the Jencks Act. The written report of the agent, however, is just as much a verbatim statement of the agent, who prepares it, as a written statement of an informer, incorporated in the report, is the statement of the informer. It is a statement within the literal and evident meaning of subsection (e) of the Act. Its use to contradict the agent who prepared it in no way contravenes the policy of the Act against the use of an investigator's notes or summaries of information to contradict his informer. * * *
>
> " * * * Certainly, however, we can find nothing in the Jencks Act which suggests that defense counsel are entitled to no statement of the witness, simply because he happens to be an agent of the FBI. * * * "
> (Id. at page 638)

■■ We agree with the rationale and result reached by the Fourth Circuit in the Holmes case. We hold that where the nature of the statement sought otherwise meets the requirements of the Jencks statute, as in this case, such a written statement prepared by a Government agent may be used by the defendant in cross-examination of such witness for impeachment purposes. It necessarily follows, of course, that the use of such a statement is subject to the limitations and safeguards imposed by the statute and, once produced, its admissibility and use is governed by the proper rules of evidence. The trial court erred in denying defendant's motion to produce the report in question.

Our holding is consistent with Bergman v. United States, 6 Cir., 1958, 253 F.2d 933 and Lohman v. United States, 6 Cir., 1958, 251 F.2d 951, both prior to the Jencks case, and with United States v. Prince, 3 Cir., 1959, 264 F.2d 850. In construing 18 U.S.C.A. § 3500, Prince relies upon Bergman and Lohman.

Counsel point to a distinction suggested in our recent opinion in United States v. Clancy, supra, wherein it was noted that the Government witness was not an undercover agent witness, but was known to defendants when they were interviewed. While this factual distinction is correct, it was not necessary to our holding in Clancy on this proposition. The result in Clancy rests on the facts of that case relating to the nature of the notes, reports and memoranda there under consideration.

The judgment of the district court is reversed, and this cause is remanded for a new trial.

Reversed and remanded.