John J. BURKE, Appellant,

v.

UNITED STATES of America, Appellee.

Rose BURKE, Appellant,

v.

UNITED STATES of America, Appellee.

Nos. 16321, 16322.

United States Court of Appeals Eighth Circuit.

June 22, 1960.

Morris A. Shenker, St. Louis, Mo., for appellants.

Noel L. Robyn, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before GARDNER, WOODROUGH and VOGEL, Circuit Judges.

VOGEL, Circuit Judge.

John J. and Rose C. Burke, husband and wife, appellants herein, were indicted by a grand jury on charges of willfully attempting to evade the payment of income taxes for the years 1951, 1952, 1953 and 1954 by the filing of false and fraudulent income tax returns. The case was submitted to the jury upon the net worth theory of proof, under which the government contended that taxpayers' net worth had appreciated from unreported moneys John J. had appropriated from a company related to that of which he was president and, in turn, loaned to his own corporation. John J. asserted that there had been no appropriation and that the loans credited to him on his company's books in fact derived from money loaned the company by one Frank Wortman. He also contended, which the government denied, that he was indebted to one Joynt in the amount of $15,000.00.

The income tax returns in question had been prepared by Rose C. from, according to her testimony, John J.'s W-2 Forms.

By jury verdicts, John J. was convicted on all counts; Rose C. was convicted on the counts dealing with the years 1951 and 1952 but acquitted as to the counts relating to 1953 and 1954. John J. was sentenced to concurrent terms of imprisonment for four years and fined a total of $15,500.00. Rose C. was sentenced to concurrent terms of imprisonment for two years and fined a total of $2,500.00.

One of the primary allegations of error relied upon by the appellants was the trial court's overruling of their motion for the production and inspection of statements and reports of government witnesses in the possession of the United States. Special Agents Liddy and Brown were important witnesses for the government. Both interviewed the appellants and each testified concerning statements made by them. Additionally, Brown prepared the government's net worth chart and testified with reference to it. Several requests were made by appellants' counsel for the written reports and statements made by Liddy to his superiors covering his investigation of appellants' activities and including conversations had with them, which reports were not necessarily made contemporaneously with that investigation. The government took the position in objecting thereto that:

"As far as reports are concerned, any that are not contemporaneous are not required anyway, at least under the cases",

which objection was sustained. Counsel for appellants made similar requests with reference to reports made by Special Agent Brown, which motions were overruled upon the same ground.

■■■ 18 U.S.C.A. § 3500 provides, insofar as it may be applicable herein:

"(b) After a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement (as hereinafter defined) of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified. If the entire contents of any such statement relate to the subject matter of the testimony of the witness, the court shall order it to be delivered directly to the defendant for his examination and use.

\*  \*  \*  \*  \*  \*

"(e) The term 'statement', as used in subsections (b), (c), and (d) of this section in relation to any witness called by the United States, means—

"(1) a written statement made by said witness and signed or otherwise adopted or approved by him; or

"(2) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement made by said witness to an agent of the Government and recorded contemporaneously with the making of such oral statement."

It is obvious that government counsel and the court considered only the contemporaneous memoranda provisions of paragraph (2) of subsection (e) and were of the opinion that the statute did not require the production of noncontemporaneous statements. However, we think it perfectly clear that paragraph (1) of (e) required the granting of appellants' motions. The government, in its presentation of the case chose to use Special Agents Liddy and Brown to attempt to establish that John J. Burke had admitted a beginning net worth as of January 1, 1951, of $35,000.00 and that thereafter his net worth increased throughout the years in question to an extent justifying the conclusion by the jury that the income tax returns filed by appellants were false and knowingly fraudulent. Liddy and Brown admittedly made reports of their investigations to their superiors. Such written reports clearly are written statements made by government witnesses, signed or otherwise adopted or approved by them within the purview of paragraph (1) of subsection (e). They should have been produced upon proper demand for use in the cross examination and in the attempted impeachment of the government witnesses. The purpose and language of the statute justify no other conclusion.

Courts of Appeals in the various circuits have passed upon this question and have been unanimous in adopting this construction of the Act. United States v. Sheer, 7 Cir., May 10, 1960, 278 F.2d

65; United States v. O'Connor, 2 Cir., 1959, 273 F.2d 358. Cf. Karp v. United States, 8 Cir., April 25, 1960, 277 F.2d 843; United States v. Berry, 7 Cir., May 2, 1960, 277 F.2d 826; Holmes v. United States, 4 Cir., 1959, 271 F.2d 635. Thus, in United States v. O'Connor, supra, 273 F.2d at pages 360, 361, the court, in reversing and remanding for new trial, stated:

"The government's case was built mainly on the testimony of the agents and their computations to establish the net worth changes, although there was substantial evidence of attempts to conceal underlying records by defendant, and testimony by the defendant as to a claimed currency hoard which strains credulity.

"In this setting, it is quite plain that the agents' reports relating to O'Connor's asset, income and expenditure position during the entire tax period in question, whether prepared for criminal or civil tax purposes, were necessary to defendant's preparation and conduct of his defense in two respects, to determine whether any statements of fact therein were inconsistent with or contradictory to testimony on the stand of the makers of the reports, and to test their expertness in preparation of the charts and computations used by them respectively on the stand. * * * Since statement is defined by subsection (e) to include 'a written statement made by said witness,' the reports herein involved would clearly seem to fall within the plain language of the statute.

"While the government correctly asserts that the statute was intended to proscribe production of investigative reports as such (emphasis added), here the government has chosen to base its case on the testimony of the agents as to the results of their investigations. Where such agents have testified, it would seem clear that their reports relating to the same investigation may be obtained by the defendant. See United States v. Prince, 3 Cir., 264 F.2d 850; United States v. DeLucia, 7 Cir., 262 F.2d 610.

"If the government chooses to depend on the expertise of a witness for proof of the essentials of a criminal charge, it cannot insulate him from a thorough cross-examination by any claim of a sovereign right to secrecy of reports or methods of computation."

We are thus compelled to hold that it was prejudicial error on the part of the trial court to deny appellants' motion for production and inspection of the statements and reports of the government witnesses Liddy and Brown.

Reversed and remanded for new trial.