UNITED STATES of America, Plaintiff-Appellee,

v.

David BERRY, Defendant-Appellant.

No. 13730.

United States Court of Appeals
Seventh Circuit.

Oct. 22, 1962.

Rehearing Denied Nov. 20, 1962.

Rehearing Denied Nov. 20, 1962, en banc.

Roy W. Sears, Chicago, Ill., for appellant.

Alfred W. Moellering, U. S. Atty., Joseph F. Eichhorn, Asst. U. S. Atty., Fort Wayne, Ind., for appellee.

Before SCHNACKENBERG, KNOCH and KILEY, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

David Berry, defendant, has appealed from an order of the district court denying his motion, under 28 U.S.C.A. § 2255, to vacate a judgment of the district court, entered November 29, 1960 on a plea of guilty to count II of an indictment in criminal case No. 3136, under which defendant was sentenced to serve a period of 20 years.

Prior to the proceeding leading up to the judgment from which this appeal was taken, defendant had been adjudged guilty in case No. 3029, on both of two counts of an indictment which charged violations of the federal narcotics law.[1] On his appeal, that conviction was reversed by this court and the case remanded for a new trial. Thereupon, defendant was reindicted on two counts, which counsel for the government and the defendant agree charged the same offenses as those charged in the indictment in No. 3029, which was thereupon dismissed upon motion of the government. Defendant entered a plea of not guilty to both counts, but, as to count II of the indictment in No. 3136, he withdrew the not guilty plea and entered a plea of guilty, upon which said sentence was imposed. Count I was dismissed.

The district court heard no evidence upon defendant's motion to vacate under § 2255 and this appeal followed its aforesaid order.

The reversal and remandment by this court, 7 Cir., 277 F.2d 826, was based solely upon error at the trial in the denial to defendant of the right of inspection of the written report of a government witness.

■ 1. Defendant contends that on remandment by this court, although he could have been retried for the offenses stated in the first indictment (he having secured a reversal by his own actions), the dismissal of that indictment followed by his prosecution upon the second indictment placed him in double jeopardy, in violation of his rights under the fifth

1. Count I charged a violation of 26 U.S.C.A. § 4704(a), and Count II charged a violation of 21 U.S.C.A. § 174.

amendment to the constitution of the United States. He relies on Green v. United States, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957), and United States v. Ball, 163 U.S. 662, 16 S.Ct. 1192, 41 L.Ed. 300 (1896).

In Green, 355 U.S. at 187, 78 S.Ct. at 223, the court said:

"The constitutional prohibition against 'double jeopardy' was designed to protect an individual from being subjected to the hazards of trial and possible conviction more than once for an alleged offense. * * * "

However, in Ball, 163 U.S. at 672, 16 S.Ct. at 1195, the court said:

" * * * it is quite clear that a defendant, who procures a judgment against him upon an indictment to be set aside, may be tried anew upon the same indictment, *or upon another indictment, for the same offence of which he had been convicted.* * * * " (Emphasis supplied.)

It is clear that, in the case at bar, (1) defendant "procures a judgment against him upon an indictment to be set aside," (2) a second indictment charges the same offenses of which he had been convicted on the first indictment, (3) the first indictment is dismissed without a retrial thereon, and (4) he is tried anew upon the second indictment and is adjudged guilty on his plea of guilty.

Under the authorities cited we hold that the district court rightly overruled defendant's plea of former jeopardy. The jeopardy which originally attached to defendant by the trial on the first indictment continued until the same offenses therein charged were disposed of in the trial on the second indictment. There was a continuity of jeopardy—not a second jeopardy.

■ 2. Defendant contends that his plea of guilty was not understandingly entered as required by 18 U.S.C.A. Rule 11, which states:

"* * * The court may refuse to accept a plea of guilty, and shall not accept the plea without first determining that the plea is made voluntarily with understanding of the nature of the charge. * * * "

He insists that the record before us shows that the court, in explaining to defendant count II, said "I would like to talk with you a little bit about this Count II of the indictment to which reference is made. You understand that that is the count of the indictment that charges the unlawful importation of heroin into the United States in violation of the law? You understand that, do you?" The following colloquy then occurred:

"The Defendant: The importation into the United States?

"The Court: Yes, and it goes on to say that 'whenever on trial for a violation of that section the defendant is shown to have or to have had possession of the narcotic drug, this shall be deemed sufficient evidence to authorize the conviction unless the defendant explains the possession to the satisfaction of the jury', and this is a violation of Section 174, Title 21, of the United States Code.

"I advise you that that is the section under which Count II of this indictment is brought, and I ask you, do you understand that, sir?

"The Defendant: Yes, sir, I do."

Defendant's counsel insists that it was impossible for defendant to understand count II from the court's explanation "because the court spoke of the part of Section 174 which makes it illegal to import narcotics, whereas Petitioner was charged under the part of Section 174 which makes illegal the sale, concealment, etc. of narcotics *after* the narcotics *had been unlawfully imported* and with knowledge that they had been unlawfully imported." (Italics supplied.)

The indictment, which was read to the defendant in open court before the court completed questioning of defendant, makes no charge against defendant for unlawfully importing heroin into the

United States, and we are unable to give credit to his counsel's argument that he might have in any way been misled by the court's questions into pleading to a charge which had not been understood. The only reason the court had for referring to unlawful importation was that the crime with which defendant was charged in the indictment had to do with narcotic drugs which had been unlawfully imported.

We are convinced that his plea of guilty was understandingly entered.

■ 3. Defendant contends that he was entitled to a hearing on his motion for relief in the district court, because his plea of guilty was not voluntarily entered.

If the facts alleged in the motion failed to entitle him to the relief prayed for, it was not necessary that a hearing be conducted by the court. We believe that this is such a case. It is in contrast to the motion under § 2255 involved in Shelton v. United States, 7 Cir., 292 F.2d 346, where we found that the contentions of the petitioner there revealed a totality of relevant circumstances which entitled him to have his motion disposed of on a finding of fact after a hearing, and we remanded the case for such hearing. However, in the case at bar, defendant's motion, which admits that he was represented by counsel of his own choice, states that his attorney said:

> " * * * Since you have no funds you cannot receive due process, because Judge Swygert, is prejudice [sic] towards you; So if you plead guilty I can guarantee you (5) years by having a different judge sentence you."

He charges his own attorney with trickery and fraud.

Actually the case was heard by Judge Robert A. Grant, who imposed the sentence now under attack on this appeal. The sentence in case No. 3029 was imposed by Judge Luther M. Swygert, who is now a member of this court.

■ Even if we assume these facts as alleged and that, upon a hearing, they would be established by evidence, we are unable to reach the conclusion that he was tricked by his attorney or that his plea of guilty was other than free and voluntary. Even though he may have had a right to discharge his attorney who refused to proceed further because of lack of funds to pay him, he could have had the court appoint counsel for him as a pauper. However, and more importantly, no assertion of fact was involved in the statement allegedly made by his counsel, except that "Judge Swygert is prejudiced towards you", and this alleged fact is immaterial because Judge Swygert did not participate in the subsequent proceedings. Otherwise the statement attributed to the lawyer was that, if defendant pleaded guilty, "I can guarantee you (5) years by having a different judge sentence you". This is not a statement of any existing fact; it purports merely to be a prediction by the attorney. If he had represented that government counsel or the judge, who he expected would hear the case, had agreed to a 5-year sentence, there might be a basis for an issue of fact to be determined by a hearing. However, absent such a representation, there was no occasion for a hearing as to the assertion which defendant alleges was made by his attorney.

We do not understand why defendant relies on Shelton v. United States, 5 Cir., 242 F.2d 101 (1957), where the court reversed a judgment upon a plea of guilty, on the ground that the defendant entered his plea in reliance on promises of an *assistant United States attorney*, and where the court *en banc*, 246 F.2d 571 (1957), set aside its previous judgment and affirmed the judgment of the trial court. That case involved alleged representations made to the defendant by a prosecuting attorney and was thus factually distinguishable from the case at bar where no representative of the government is charged with making any representation or promise. In the first Shelton case, 242 F.2d at 103, the assist-

ant United States attorney said to defendant, according to the latter:

"* * * Mr. Tysinger stated if I could, would come down here and plead guilty, he would guarantee a sentence of one year—he said not a year and a day, a year. * * *"

As might be expected, Shelton was reversed on confession of error (356 U.S. 26, 78 S.Ct. 563, 2 L.Ed.2d 579), the court saying that "the plea of guilty may have been improperly obtained."

A similar situation existed in Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473, which involved an allegation in a § 2255 motion that an assistant United States attorney by promises to defendant had obtained a plea of guilty from him.

28 U.S.C.A. § 2255, provides in part: "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall * * * grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. * * *"

Accordingly, we hold that the motion conclusively shows that defendant is entitled to no relief under § 2255 and that, therefore, the court was not required to hold a hearing on his motion.

For the reasons set forth, the order of the district court is affirmed.

In this court defendant was represented by attorney Roy W. Sears, Esquire, of the Illinois bar, whom we appointed. Mr. Sears has rendered diligent and able service on behalf of defendant, for which the court expresses appreciation.

Order affirmed.