David **BERRY**, Petitioner-Appellant,

v.

**UNITED STATES** of America, Respondent-Appellee.

No. 14579.

United States Court of Appeals Seventh Circuit.

Nov. 12, 1964.

F. Laurence Anderson, Jr., Gary, Ind., for appellant.

Alfred W. Moellering, U. S. Atty., Joseph F. Eichhorn, Asst. U. S. Atty., Fort Wayne, Ind., for appellee.

Before DUFFY, KNOCH and KILEY, Circuit Judges.

KILEY, Circuit Judge.

The district court after a hearing dismissed petitioner Berry's petition under Title 28 U.S.C. § 2255 and he has appealed.

Berry was originally convicted under a two count indictment charging violations of federal narcotics law. This court reversed the conviction, United States v. Berry, 277 F.2d 826 (7th Cir. 1960). On remand the original indictment was dismissed and Berry was re-indicted on two counts charging the same offenses. He pled guilty to one count and was sentenced to twenty years' imprisonment. The other count was dismissed. Subsequently he filed a motion to vacate under 28 U.S.C. § 2255. The motion was denied without a hearing and this court affirmed, Berry v. United States, 309 F.2d 311 (7th Cir. 1962), cert. denied, 372 U.S. 970, 83 S.Ct. 1096, 10 L.Ed.2d 132 (1963). The proceeding now before us followed, alleging that United States Attorney Raub promised Berry he would receive a lighter sentence if he entered a plea of guilty, and threatened to seek the maximum penalty if he entered a plea of not guilty.

The question before us is whether the district court's findings VI, VII and VIII are clearly erroneous. These findings, respectively, are: that Berry's claim that he was induced to plead guilty to a narcotics indictment by a promise and threat of the United States Attorney is not supported by the evidence; that Berry's testimony about the promise and threat is "untruthful and without basis in fact"; and that the evidence showed that upon Berry's plea of guilty at the trial there had been no promise or threat by the United States Attorney so as to render the plea involuntary.

The district court appointed counsel for Berry and conducted a hearing on his petition. Attorney Cohen, who represented Berry at his original trial and at the time of his guilty plea and conviction, and former Assistant United States Attorney Kinney, testified for the Government in opposition to Berry's petition. Berry testified at this hearing that he lied to the district court at the time his guilty plea was entered when, in response to the court's questions, he stated that no one had made any threats against him or any promises to him with respect to his plea of guilty, and that he entered the plea freely, voluntarily and understandingly.

Neither in his original § 2255 proceeding nor in his appeal from the judgment therein did Berry raise the point he now raises. At the time of his first § 2255 proceeding United States Attorney Raub, who Berry alleged had made the promises

and threat, was alive, but Raub died before the proceeding now before us was commenced.

■ We have read the record and are convinced that the trial court's findings of fact, attacked by Berry, are not clearly erroneous but are based on substantial evidence and decisions about credibility. We see no merit in this appeal.

The cases relied upon by Berry, such as United States v. Tateo, 214 F.Supp. 560 (S.D.N.Y.1963), United States v. Lester, 247 F.2d 496 (2d Cir. 1957), and Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962), do not help him. In Tateo the district court held that the fact that the petitioner in that case stated at the time he entered his guilty plea that it was voluntary and not the result of threats or promises did not preclude him from later asserting in a § 2255 motion that the guilty plea was in fact coerced. The court decided, after a hearing, that the petitioner had sustained his burden of proof that the guilty plea was the result of the trial judge's threat. In the case before us Berry had a hearing and the district court, in deciding that Berry had not met his burden of proof, merely considered Berry's prior statements as bearing on his credibility.

In Lester, the court of appeals held that the trial judge had not satisfied the requirements of F.R.Cr.P. 11 by asking a few perfunctory questions about the voluntariness of the petitioner's guilty plea, so that the district judge, before whom the petitioner's motion to withdraw his guilty plea was heard, should have determined by means of a hearing whether under all the circumstances that guilty plea was induced by a promise of leniency by the prosecutor, as alleged. In Berry's trial, on the contrary, the district court made a careful inquiry about the voluntary nature of the plea, and at the hearing on his second § 2255 motion the guilty plea was found to have been voluntary.

■ Machibroda v. United States established the rule that where the record

and a petitioner's § 2255 motion and affidavit do not conclusively show that the petitioner is entitled to no relief, the district court must conduct a hearing on the allegations of threats, coercion and promises. Berry was given a hearing and the findings against him are not clearly erroneous.

For the reasons given, the judgment is

Affirmed.