David **BERRY**, Petitioner-Appellant,

v.

**UNITED STATES of America**,
Respondent-Appellee.

No. 17888.

United States Court of Appeals,
Seventh Circuit.

Nov. 3, 1970.

Elmer J. Schaefer, Chicago, Ill., for petitioner-appellant; Jenner & Block, Chicago, Ill., of counsel.

William C. Lee, U. S. Atty., John R. Wilks, Asst. U. S. Atty., Fort Wayne, Ind., for respondent-appellee.

Before DUFFY, Senior Circuit Judge, and CUMMINGS and KERNER, Circuit Judges.

KERNER, Circuit Judge.

Petitioner-appellant, David Berry, appeals from the district court's summary denial of his pro se petition brought pursuant to 28 U.S.C. § 2255.[1] We affirm the action of the district court.

In October, 1959, petitioner was found guilty by a jury on two counts involving the importation and sale of heroin hydrochloride.[2] Petitioner was sentenced on

---

1. Petitioner on appeal was represented by court-appointed counsel.

2. Count One alleged that petitioner purchased, dispensed, sold and distributed heroin hydrochloride which was not in the original stamped package, in violation of 26 U.S.C. § 4704(a).

Count Two alleged that petitioner received, bought, sold, and facilitated the transportation, concealment and sale of heroin hydrochloride in violation of 21 U.S.C. § 174.

both counts to a total of 25 years and fined $10,000. On direct appeal this court reversed petitioner's conviction because the defense had been denied the right to inspect the written report of a key government witness. United States v. Berry, 277 F.2d 826 (7th Cir. 1960). Berry was then re-indicted, pled guilty to the charge on Count II (Count I was dismissed) involving unlawful importation of heroin, and was given a twenty-year sentence.

Berry subsequently filed a § 2255 motion to vacate the judgment based on his plea of guilty contending that the re-indictment had placed him in double jeopardy, and that his guilty plea was induced by promises of his attorney. The district court denied petitioner's motion, and this court affirmed. United States v. Berry, 309 F.2d 311 (7th Cir. 1962). Petitioner filed a second § 2255 motion based on the allegation that the United States Attorney had promised him a lighter sentence if he pled guilty. After a hearing, the district court concluded that the evidence did not support petitioner's contention, and this court affirmed. Berry v. United States, 338 F.2d 605 (7th Cir. 1964).

On June 23, 1969, petitioner filed the instant § 2255 motion in the district court alleging that (1) the judgment of guilty was entered without a determination by the trial judge that there was a factual base for petitioner's guilty plea, and (2) that the court failed to ask defendant if he wished to make a statement in his own behalf or to present any information in mitigation of punishment. The district court denied petitioner's motion without a hearing and petitioner appeals.

Petitioner alleges that the trial judge failed to explain to him the law of constructive possession and, therefore, he was not adequately informed of the nature of the charge to which he pled guilty. We do not find the allegation of error persuasive.

■ Rule 11 requires that the trial judge make certain that petitioner understands the basic nature and consequences of the charge to which he is pleading guilty. Our examination of the record of the Rule 11 hearing indicates that the trial judge performed this obligation. The trial judge clearly explained the substance and nature of Count II, even to the extent of explaining the operation of the statutory presumption,[3] and we find it would have been unnecessary to an understanding of the nature of the charge for the purpose of accepting a guilty plea to explain the law of constructive possession.

Petitioner's second allegation of error concerns the failure of the trial court to ask petitioner if he had anything to say in his own behalf before sentencing. While petitioner recognizes that collateral relief is not available for the failure to grant a defendant the right to speak upon sentencing, Hill v. United States, 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962), petitioner alleges that collateral relief is available if the right to allocution is denied in aggravating circumstances where the sentencing judge is misinformed or uninformed as to relevant circumstances. We find petitioner's second allegation to be without merit.

■ Petitioner alleges that the denial of allocution occurred in aggravating cir-

---

3. The Court: I would like to talk with you a little bit about this Count II of the indictment to which reference is made.

You understand that that is the count of the indictment that charges the unlawful importation of heroin into the United States in violation of the law? You understand that, do you?

The Defendant: The importation into the United States?

The Court: Yes, and it goes on to say that "whenever on trial for a violation of that section the defendant is shown to have or to have had possession of the narcotic drug, this shall be deemed sufficient evidence to authorize the conviction unless the defendant explains the possession to the satisfaction of the jury", and this is a violation of Section 174, Title 21, of the United States Code.

I advise you that that is the section under which Count II of this indictment is brought, and I ask you, do you understand that, Sir?

The Defendant: Yes Sir, I do.

cumstances since the trial judge in sentencing petitioner relied on a pre-sentence report from petitioner's first trial which did not include additional relevant information concerning petitioner's change of attitude as a result of his incarceration after his first trial. Assuming, but not deciding, that § 2255 relief would apply for the denial of allocution in aggravating circumstances,[4] see Hill v. United States, 368. U.S. at 429, 82 S.Ct. 468, see also Green v. United States, 313 F.2d 6, 8–9 (1st Cir. 1963), we find there were *no aggravating circumstances* present here. The facts concerning petitioner's rehabilitation were clearly and forcefully brought to the attention of the trial court at the sentencing hearing by the remarks of petitioner's counsel and we conclude the trial court was not "misinformed or uninformed as to any relevant circumstances." Hill v. United States, 368 U.S. at 429, 82 S.Ct. at 472.

In addition to the two issues raised below, petitioner on appeal also raises the following: (1) that the trial judge, pursuant to the acceptance of petitioner's guilty plea, failed to inform him that his sentence would be without parole and therefore did not comply with the dictates of Rule 11; and (2) that in sentencing petitioner, the trial court impermissibly relied on the pre-sentence report and sentence from petitioner's first trial.

Issues not raised before the district court pursuant to a § 2255 petition will not be considered by this court on appeal. *See e.g.,* United States v. Garafolo, 385 F.2d 200, 205 (7th Cir. 1967); Austin v. United States, 334 F.2d 75, 77 (7th Cir. 1964); Holmes v. United States, 323 F.2d 430, 431 (7th Cir. 1963); United States v. Shelton, 249 F.2d 871, 874 (7th Cir. 1957). Consequently, we do not decide the merits of the issues petitioner raises for the first time on appeal.

▮ Finally, petitioner contends that the time he served pursuant to his first sentence should be subtracted from his maximum sentence of twenty years.[5] We agree.

We hold that the constitutional guarantee against multiple punishments for the same offense absolutely requires that punishment already exacted must be fully credited in imposing sentence upon a new conviction for the same offense. North Carolina v. Pearce, 395 U.S. 711, 719, 89 S.Ct. 2072, 2077, 23 L.Ed.2d 656 (1969).

Consequently, we remand this case to the district court in order that the time petitioner spent in prison pursuant to his first sentence, be credited to his present sentence.

The court wishes to thank Mr. Elmer J. Schaefer, a member of the Illinois Bar, for his careful and conscientious service as court-appointed counsel.

Affirmed in part,

Remanded in part.

---

4. It is to be noted that we are not dealing here with a case where the defendant was affirmatively denied an opportunity to speak during the hearing at which his sentence was imposed. Nor is it suggested that in imposing the sentence that District Judge *was either misinformed or uninformed as to any relevant circumstances.* Indeed, there is no claim that the defendant would have had anything at all to say if he had been formally invited to speak. Whether § 2255 relief would be available if a violation of Rule 32(a) occurred in the context of other aggravating circumstances is a question we therefore do not consider. We decide only that such collateral relief is not available when all that is shown is a failure to comply with the formal requirements of the Rule. 368 U.S. at 429, 82 S.Ct. at 472. [emphasis supplied]

5. Although petitioner did not raise the contention in the district court, we construe this as a motion for correction of an illegal sentence which can be raised at any time. See Federal Rule of Criminal Procedure 35.