## UNITED STATES of America, Plaintiff–Appellee,

v.

## Don TEMPLE, Defendant–Appellant.

### No. 89–2286.

United States Court of Appeals, Tenth Circuit.

Nov. 7, 1990.

Carlos K. Ogden, John F. Schaber, P.A., Deming, N.M., for defendant-appellant.

William L. Lutz, U.S. Atty., and Robert J. Gorence, Asst. U.S. Atty., Albuquerque, N.M., for plaintiff-appellee.

Before TACHA and BALDOCK, Circuit Judges, and CHRISTENSEN, District Judge.[*]

TACHA, Circuit Judge.

Defendant-appellant, Don Temple, appeals a denial of credit toward his three-year probation term for time spent in confinement for a previous felony conviction that was reversed.[1] On July 13, 1987, Temple was sentenced to five years imprisonment and three years probation for his felony conviction of conspiring to and unlawfully importing and transporting illegal aliens in violation of 18 U.S.C. § 371 and 8 U.S.C. §§ 1324(a)(1)(A) and 1324(a)(1)(B). On February 2, 1989, this court reversed his conviction in *United States v. Temple,* 862 F.2d 821 (10th Cir.1988).

On August 21, 1989, Temple pleaded guilty to a misdemeanor offense of aiding and abetting the illegal entry of an alien in violation of 8 U.S.C. § 1325(a) and 18 U.S.C. § 2. On November 3, 1989, the district court sentenced Temple to the custody of the Attorney General for a period of six months. The court suspended this sentence and placed Temple on probation for three years. On appeal, Temple contends the district court erred in not reducing this three year probation term with credit from the approximately twenty months of confinement for his felony conviction. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

We must determine whether 18 U.S.C. § 3568 allows credit for time spent in confinement to reduce a term of probation. We review this question of law de novo. *See, e.g., United States v. Woods,* 888 F.2d 653, 654 (10th Cir.1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 1301, 108 L.Ed.2d 478 (1990).

---

[*] The Honorable A. Sherman Christensen, District Judge of the United States District Court for the District of Utah, sitting by designation.

[1] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R. App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

The statute governing credit for time served under a prior conviction states:

The *sentence of imprisonment* of any person convicted of an offense shall commence to run from the date on which such person is received at the *penitentiary, reformatory, or jail* for service of such sentence. The Attorney General shall give any such person *credit toward service of his sentence* for any days spent in custody in connection with the offense or acts for which sentence was imposed....

18 U.S.C. § 3568 (emphasis added).[2] Temple contends he should receive credit from time spent in confinement for a prior felony conviction to reduce his probation term. We hold that Temple is not entitled to credit toward his probation term based on section 3568. The statute requires the Attorney General to give credit toward a "sentence of imprisonment," not toward a term of probation. Congress' clarification that a sentence of imprisonment begins when a "person is received at the *penitentiary, reformatory, or jail*," forecloses the possibility a sentence of imprisonment might include a probation term. Congress specifically addressed time spent in a penitentiary, reformatory, and jail in defining a "sentence of imprisonment." Although Congress could have included probation time in section 3568, it did not. Based on the plain meaning of the statutory language, we conclude Congress did not intend criminal defendants to receive credit toward probation for time spent in custody.[3]

Here, the district court imposed no sentence of imprisonment. Although the court originally sentenced Temple to the custody of the Attorney General for six months, the court suspended the sentence and put Temple on probation for three years. Temple never arrived at a penitentiary, reformatory, or jail to serve a prison sentence on his misdemeanor offense. Because Temple has no sentence of imprisonment toward which any possible credit may be applied, we find no legal basis in section 3568 to reduce his probation term.

The defendant cites *Berry v. United States*, 435 F.2d 224 (7th Cir.1970), as authority supporting his claim of credit from his previous conviction. The court allowed credit in *Berry* toward a sentence of imprisonment based on the Supreme Court ruling in *North Carolina v. Pearce*, 395 U.S. 711, 719, 89 S.Ct. 2072, 2077, 23 L.Ed.2d 656 (1969), that the double jeopardy clause "requires that punishment already exacted must be fully credited in imposing a sentence upon a new conviction for the same offense." However, the constitutional concern in *Berry* and *Pearce* is not implicated in this case because a probation term is not a sentence against which credit can be applied. *Cf. Sims v. United States*, 607 F.2d 757, 759 (1979) (rejecting double jeopardy claim when prison sentence follows probation because probation

**2.** This statute, which applies to offenses committed before November 1, 1987, has been superceded by a similar statute, 18 U.S.C. section 3585. Because Temple committed the misdemeanor at issue here during February and March 1987, however, the older version of the statute applies.

**3.** Here, we limit our decision to the threshold issue whether a term of probation constitutes a sentence of imprisonment pursuant to section 3568. The record does not provide sufficient facts to determine whether the defendant actually was "in custody" during the approximately twenty months he spent in "confinement" prior to our reversal of his original felony conviction. In *United States v. Woods*, 888 F.2d 653, 656 (10th Cir.1989), *cert. denied,* — U.S. —, 110 S.Ct. 1301, 108 L.Ed.2d 478 (1990), we measured custody in terms of "the deprivation of liberty experienced by a person incarcerated in a jail

facility" in deciding whether credit was due. *See also Ramsey v. Brennan,* 878 F.2d 995, 996 (7th Cir.1989) (section 3568 custody based on whether the deprivation of liberty by confinement sufficiently similar to a prison in terms of degree of restraint); *Anderberg v. Martin,* 679 F.Supp. 1034, 1036 (W.D.Okla.1987) ("Credited custody is equated ... with ... the punishment of *incarceration.*" (emphasis added)). However, today we do not address whether Temple's previous confinement constituted "custody" according to the *Woods* test because we hold that no previous confinement may be applied toward probation. Nor do we address whether the misdemeanor covered the same "offense or acts for which the sentence was imposed" as section 3568 requires, *see United States v. Baez,* 732 F.2d 780, 782 (10th Cir.1984), because we find no sentence of imprisonment was imposed for the misdemeanor.

is not a sentence). The court in *Berry* allowed credit because the defendant faced a prison sentence. 435 F.2d at 227. Here, Temple is on probation and has no prison sentence to which we may credit time served under his previous conviction. The court's decision in *Berry* simply does not apply to this issue of whether credit applies toward a probation term.

We hold that section 3568 does not apply to reduce a term of probation. We AFFIRM.