16 F.3d 418
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Victor KELLY, Defendant-Appellant.
 No. 93-1275.
 United States Court of Appeals, Tenth Circuit.
 Feb. 2, 1994.
 ORDER AND JUDGMENT[1]
 
 1
 Before KELLY and McKAY, Circuit Judges, and SEAY, District Judge.[2]
 
 
 2
 Defendant-appellant Victor Kelly appeals the district court's apparent denial of sentence credit for time spent in a halfway house, pursuant to 18 U.S.C. 3585(b). Our jurisdiction arises under 18 U.S.C. 3742(a) and 28 U.S.C. 1291. Because only the Board of Prisons may properly grant sentence credit, we affirm.
 
 
 3
 Mr. Kelly plead guilty to one count of money laundering in violation of 18 U.S.C.1956(a)(1)(a) & 2. Prior to sentencing, Mr. Kelly was confined initially in the Federal Detention Center, Littleton, Colorado. He was released to the custody of the Independence House, a halfway house where he spent eighty-five days under 24-hour supervision. At his sentencing hearing, he requested credit for time he spent at Independence House. The court, although granting a downward departure for substantial assistance, made no findings or recommendations regarding presentence credit, and sentenced him to an eighteen-month prison term. This appeal followed.
 
 
 4
 The question on appeal is not whether the district court erred in not granting sentence credit for Mr. Kelly's stay at Independence House; rather, the proper question is whether the district court had jurisdiction to grant sentence credit. We review de novo the district court's interpretation of 18 U.S.C. 3585(b). See United States v. Temple, 918 F.2d 134 (10th Cir.1990).
 
 
 5
 The Supreme Court stated a clear rule in United States v. Wilson, 112 S.Ct. 1351, 1354 (1992), when it held that 18 U.S.C. 3585(b) "does not authorize a district court to compute the credit at sentencing." The Court concluded that only the Attorney General, acting through the Bureau of Prisons, can compute sentence detention credit. Id. Therefore, Mr. Kelly must bring his request for sentence credit to the Bureau of Prisons when it calculates his term of confinement. The Bureau's determination is subject to review by writ, should Mr. Kelly be dissatisfied. See Mills v. Taylor, 967 F.2d 1397 (9th Cir.1992).
 
 
 6
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. --- F.R.D. ----
 
 
 [2]
 The Honorable Frank H. Seay, Chief United States District Judge for the Eastern District of Oklahoma, sitting by designation