James S. WEST, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 17936.

United States Court of Appeals
District of Columbia Circuit.

Argued Sept. 30, 1963.

Decided Oct. 7, 1963.

Mr. Joseph P. Clancy, Washington, D. C. (appointed by this court), for appellant.

Mr. Anthony A. Lapham, Asst. U. S. Atty., with whom Messrs. David C. Ache-son, U. S. Atty., and Frank Q. Nebeker and B. Michael Rauh, Asst. U. S. Attys., were on the brief, for appellee. Mr. Harold H. Titus, Jr., Asst. U. S. Atty., also entered an appearance for appellee.

Before WILBUR K. MILLER, FAHY and WRIGHT, Circuit Judges.

PER CURIAM.

In Young v. United States, 114 U.S. App.D.C. 42, 309 F.2d 662 (1962), we reversed a conviction of Young of assault with intent to commit robbery in violation of 22 D.C.Code § 501. James S. West, the present appellant, had been tried with Young for the same offense. He too was convicted, but he did not appeal. The reversal in Young's case was on the ground that the trial court had erred in refusing to give a requested instruction on the lesser included offense of simple assault. On the remand of that case, as we are advised, the indictment against Young was dismissed. Thereafter a communication of West to the District Judge was considered by the District Court as a motion under 28 U.S.C. § 2255 to vacate his sentence. After a hearing the court filed a Memorandum Opinion which included findings of fact and conclusions of law, and denied the motion. This appeal followed.

We have the bare question whether reversal, for the reason we have stated, of the conviction of West's co-defendant Young, now enables West successfully to challenge collaterally, under Section 2255, his own unappealed conviction. We think not. Assuming arguendo that the error which led to the reversal in Young's case would have led to a like result in West's case had he appealed, it is not error of the character which affords a basis for relief under Section 2255. Any relief to which West might be entitled in the circumstances we think must now be left to the discretion of the Executive in the exercise of the power of clemency.

Affirmed.