Martin F. **FEENEY**, Petitioner, Appellant,

v.

**UNITED STATES of America,**
**Respondent, Appellee.**

No. 7072.

United States Court of Appeals
First Circuit.

April 18, 1968.

---

Martin F. Feeney, pro se.

Paul F. Markham, U. S. Atty., and Herbert N. Goodwin, Asst. U. S. Atty., on brief for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

PER CURIAM.

In 1954 petitioner was charged with four others in two indictments—kidnaping a prison guard in the course of a prison break and transporting him across state lines, and transporting a motor vehicle across state lines knowing the same to have been stolen. He was charged individually in a third indictment with unlawful flight with intent to avoid confinement after a state conviction for robbery. The three indictments were tried together and the jury found the defendant guilty as charged. Thereafter

he was sentenced to fifteen years imprisonment on the kidnaping charge and to concurrent terms of five years on the other two convictions to begin on and after completion of the sentence in the kidnaping case. This court affirmed the convictions. Feeney v. United States, 221 F.2d 959 (1st Cir.), cert. denied, 350 U.S. 852, 76 S.Ct. 94, 100 L.Ed. 758 (1955).

In 1967 petitioner brought the instant motion, under 28 U.S.C. § 2255, to vacate the three sentences. The district court vacated the sentence imposed on the unlawful flight conviction but denied the motion as to the other two. On appeal petitioner complains that the district court erred in not vacating all three sentences. He asserts that prior to imposing sentence, the trial court did not offer him the right to allocution as required by Fed.R. Crim.P. 32(a) [1] and secondly that the court's charge was erroneous and prejudicial.

■ A § 2255 proceeding is a collateral remedy available to a petitioner only when some fundamental right is denied and not as a routine review at the behest of a defendant who is dissatisfied with his sentence. Dirring v. United States, 370 F.2d 862 (1st Cir. 1967). It is established that failure on the part of the trial court to follow the formal requirements of Rule 32(a) is not of itself an error that can be raised by collateral attack. Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed. 2d 473 (1962); Hill v. United States, 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962). Petitioner alleges that the court's failure to afford him an opportunity to make a statement in his own behalf before sentence was imposed occurred amid "aggravating circumstances" which take the case out of the holding in Hill.[2] We do not agree. A careful examination of the record on appeal does not

---

1. In 1954 this rule provided in pertinent part: "Before imposing sentence the court shall afford the defendant an opportunity to make a statement in his own behalf and to present any information in mitigation of punishment."

2. There the Court stated at 429, 82 S.Ct. at 472: "Whether § 2255 relief would be available if a violation of Rule 32(a) occurred in the context of other aggravating circumstances is a question we therefore do not consider."

reveal any such circumstances. The trial court did not affirmatively deny petitioner an opportunity to speak and it does not appear that the court was "either misinformed or uninformed as to any relevant circumstances." See *Hill*, supra at 429, 82 S.Ct at 472.

Nor is petitioner's claim that the trial court's instructions to the jury were erroneous and prejudicial a basis for § 2255 relief. The issue of the trial court's instructions is a matter for appeal and is not within the scope of § 2255. West v. United States, 117 U.S. App.D.C. 90, 326 F.2d 633 (1963). While it is true that the district court at the trial of this action, committed an unusual error, in that it directed the jury to find the defendant guilty on the third indictment, this conviction has now been set aside and we do not agree that the error warranted a § 2255 attack on the convictions under the other indictments.

Affirmed.