Oddie G. JOHNSON, Jr., Defendant, Appellant,

v.

J. J. NORTON, Warden, Federal Correctional Institution, Danbury, Connecticut, Respondent, Appellee.

No. 7707.

United States Court of Appeals, First Circuit.

Dec. 11, 1970.

Oddie G. Johnson, Jr., pro se.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

PER CURIAM.

Petitioner is presently serving a sentence imposed subsequent to a felony conviction. He requested such extensive post conviction relief, and has made so many allegations concerning matters now totally irrelevant or for which there is no possible support, as to seriously impede determination of what

proper grounds, if any, he has for his 28 U.S.C. § 2255 proceeding. This has wasted considerable time. However, his justiciable complaint was eventually sifted out by the district court: the trial court did not inform him of his right of appeal from his conviction and, if indigent, to court-appointed counsel, as required by Fed.R.Crim.P. 32(a) (2). The court doubtless counted upon his counsel to do this. We have recently held that the requirements of this rule are sufficiently absolute to forbid such reliance even though it may be shown to have been justified; if the appeal is not taken it does not avail the government to establish that the defendant in fact acquired the appropriate information outside of the court's presence. United States v. Benthien, 1 Cir., 1970, 434 F.2d 1031. However, that is not this case. Here the court's failure could not have injured petitioner, for retained counsel duly entered an appeal in this court. Petitioner's complaint arises from the fact that counsel then withdrew, after the appeal was perfected and this court had assumed jurisdiction. Withdrawal should not have been permitted until new counsel had appeared or been court appointed, or defendant had affirmatively waived counsel.* Leaving petitioner without counsel was contrary to our present positive rule. Local Rule 12(b). In fact subsequent counsel never did appear and the appeal was eventually dismissed for lack of prosecution.

The district court, on petitioner's present proceedings, found that he had not shown that the dismissal of his appeal was due to lack of notice of his rights, citing Feeney v. United States, 1 Cir., 1968, 392 F.2d 541. However, *Feeney* involved a different rule, and in light of Coppedge v. United States, 1962, 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21, and Rodriguez v. United States, 1969,

395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340, is not apposite. In view of the district court's original failure to inform petitioner that he was entitled, if impoverished as he now claims, to have counsel appointed for him, and our compounding the error instead of curing it, the burden was not on petitioner, but upon the government. We see no basis for finding it met.

The order of the district court is reversed; the mandate in defendant's original appeal is recalled; the order dismissing that appeal is vacated, and the appeal restored to the calendar. Upon appellant's request we will appoint counsel for him.

---

\* Our then clerk was doubtless misled by two circumstances. Withdrawing counsel stated that new counsel were about to appear and, since defendant had not been proceeding in forma pauperis, there was no notice of any financial problem. Also, of course, the clerk had no reason to suppose that the district court had failed to observe the requirement of informing defendant that if his funds had run out he could have counsel appointed.