Cullinane v. USA                    CV-96-351-SD    04/07/97

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW HAMPSHIRE


<u>Kevin Cullinane</u>


        v.                              Civil No. 96-351-SD


<u>United States of America</u>



                    O R D E R


    This action is pending appeal.[1]  The movant, Kevin Culli-

nane, perceives that his appeal might somehow be strengthened by

now moving to arrest judgment in reliance on Rule 60(b)(4), Fed.

R. Civ. P.,[2] and Rule 32(c)(5), Fed. R. Crim. P.[3]

    The thrust of the pleadings currently before the court is to

---

    [1]The rule in this circuit is that when an appeal is pending
the trial court can deny a motion of the type here presented or,
if it finds the motion to have merit, it can seek remand from
the court of appeals.  <u>Commonwealth of Puerto Rico v. § Zoe
Colocotroni</u>, 601 F.2d 39, 42 (1st Cir. 1979), <u>cert. denied</u>, 450
U.S. 912 (1981).

    [2]Rule 60(b)(4) provides for relief from a void judgment.

    [3]Rule 32(c)(5) mandates that a court advise a defendant of
his right to appeal on resentencing.  It is the current counter-
part of what was formerly Rule 32(a)(2).

the effect that, although his right to appeal therefrom has not been hindered, the failure of this court to include in its order of January 14, 1997, plaintiff's right to appeal therefrom requires further revision of these collateral proceedings. The court disagrees.

As of this writing, this circuit has in effect a bright-line rule that requires the district court to advise a defendant of his right to appeal his criminal sentence. <u>United States v. Benthien</u>, 434 F.2d 1031 (1st Cir. 1970). This rule is not applicable, however, when an appeal has been duly entered. <u>Johnson v. Norton</u>, 435 F.2d 842 (1st Cir. 1970).[4]

The instant case falls within the parameters of <u>Johnson</u> rather than <u>Benthien</u>. Accordingly, the court denies the motion, but transmits same with the accompanying memos and documents to the Clerk of the United States Court of Appeals for the First Circuit. The movant should move promptly to consolidate these

---

[4]The court expresses no opinion whether, in light of the intervening decision in <u>United States v. Timmreck</u>, 441 U.S. 780 (1979), the First Circuit might, as has the Seventh Circuit, <u>Tress v. United States</u>, 87 F.3d 188 (1996), now conclude that it no longer is necessary to apply the bright-line rule of <u>Benthien</u> in cases such as the one now before this court.

documents with the documents currently on file in his present appeal.

    SO ORDERED.

                            _____
                            Shane Devine, Senior Judge
                            United States District Court

April 7, 1997
cc:   Kevin Cullinane, pro se
       United States Attorney