**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Lloyd SHELTON, Defendant-Appellant.**

**No. 11923.**

United States Court of Appeals Seventh Circuit.

Dec. 3, 1957.

Rehearing Denied Jan. 8, 1958.

872

J. Robert Hare, Chicago, Ill., for appellant.

C. M. Raemer, U. S. Atty., Edward G. Maag, Asst. U. S. Atty., East St. Louis, Ill., for appellee.

Before LINDLEY, SCHNACKENBERG and PARKINSON, Circuit Judges.

LINDLEY, Circuit Judge.

Defendant was indicted January 13, 1954 on seven of eight counts, in the first six of which he was charged with violating Sec. 2113(a), (b), (c) and (d) of 18 United States Code. Count Seven did not include defendant. In Count Eight, defendant and another were charged with conspiring to violate the provisions of Title 18, Sec. 2113, in robbing a bank. Upon arraignment defendant pleaded not guilty. At that time he replied to an inquiry by the court that he did not desire counsel. Thereafter, inasmuch as he did not procure an attorney, the court appointed one to represent him. On May 3, 1954, the case came on for trial before a jury. After some five witnesses had

testified for the Government, counsel for defendant requested and obtained a recess for the purpose of conferring with his client, and, shortly thereafter returned to court and announced that defendant desired to withdraw his plea of not guilty as to Counts One to Six, inclusive, and to enter a plea of guilty. The court advised defendant of the possible consequences of his act, and inquired of him, personally, whether he fully understood his rights and still desired to enter a plea of guilty. Defendant replied: "Yes, sir; I want to enter a plea of guilty." The court also inquired of defendant's counsel as to whether he was in agreement with defendant's proposed course of action and received an affirmative reply. Thereupon, the court permitted defendant to withdraw his plea of not guilty and to enter a plea of guilty as to Counts One to Six, inclusive. The Government dismissed Count Eight of the indictment, which charged violation of Section 371, Title 18, United States Code, the conspiracy statute. Thereupon, on May 7, 1954, the court imposed a sentence of 16 years on each of Counts One, Two, Five and Six, and 10 years on each of Counts Three and Four, all sentences to be served concurrently.

Defendant, on September 4, 1956, filed a petition to vacate the judgment and reduce the sentence under Title 28, Sec. 2255, U.S.C. In it he claimed that there had been a merger of all other offenses charged in the conspiracy count and that, therefore, all his sentence in excess of five years was excessive, and requested the court to reduce the terms accordingly. The court denied the petition and the appeal followed. We appointed counsel for defendant, Mr. J. Robert Hare, who has rendered efficient service, and to whom we are grateful for his contribution.

After the appeal came to this court, defendant injected into the case a claim that his rights had been violated at the time of his sentence in that the trial court did not advise him that he had a right to appeal, and in that he was not adequately represented by counsel.

Before considering the issues presented it is necessary to pass upon two motions; the first that of the Government to supplement the record by supplying us with a duplicate original of the indictment filed at Danville, one of the points for holding court in the Eastern District of Illinois. There are no separate divisions in the Eastern District of Illinois. Consequently, cases, for the convenience of parties, witnesses and counsel, are transferred from time to time, from one place of holding court to another. For some fifteen years, under an order of the court, when an indictment is returned at either Danville or East St. Louis, both places for holding court in the district, a duplicate original is filed at the other place. Thus, when this indictment was returned on January 18, 1954, at East St. Louis, a duplicate original was filed in the clerk's office at Danville. This fact is of some importance because the copy of the indictment included in the transcript brought to this court contains two transposed pages, namely, pages 6 and 7. Page 7 should be page 6, and page 6 should be page 7. This error is responsible for the apparent disagreement of counsel. Defendant claims that Count Six was a conspiracy indictment, but it appears from the original duplicate filed in Danville, where there was no misplacing of pages, that Count Six charged a substantive violation of the banking law, and that Count Eight was the conspiracy count. The latter has been dismissed and with it we are no longer concerned. How the two pages became transposed in the copy included in the transcript does not appear, but of the fact that they were transposed, we have no doubt, as a reading of the indictment shows clearly the proper sequence of the pages. Consequently, the motion to supply the duplicate copy filed at Danville is allowed. The second motion, the one to file the stenographic report of what transpired at the original trial is likewise allowed.

This brings us to the issue presented on this appeal. First of all, any one of Counts One, Two, Five and

Six upon which defendant was convicted by a plea of guilty permitted a sentence in excess of that which was entered. Consequently, any one of these counts would have justified the total sentence. United States v. Roviaro, 7 Cir., 229 F.2d 812; United States v. Kapsalis, 7 Cir., 214 F.2d 677; United States v. Hornstein, 7 Cir., 176 F.2d 217. There was no merger of substantive counts into the conspiracy count, which was dismissed.

■■ On a motion to vacate the sentence under Section 2255, the sufficiency of the indictment cannot be questioned, unless it is so defective on its face as not to charge an offense under any reasonable construction. United States v. Nickerson, 7 Cir., 211 F.2d 909; Walker v. United States, 7 Cir., 218 F.2d 80; Klein v. United States, 7 Cir., 204 F.2d 513. Each one of the counts here, we think, sufficiently charged violation of the federal statutes.

■■ Defendant's chief contention is that he was deprived of his constitutional rights because the court did not advise him that he had a right to appeal. However, it is to be observed that Rule 37(a)(2) of the Federal Rules of Criminal Procedure, 18 U.S.C. places upon the trial court no duty to advise the defendant of a right to appeal, except where he has been convicted after trial or is not represented by counsel. Aside from the fact that this issue was not raised upon the petition in the trial court, but has been injected into the cause only on appeal, a situation not justifying us in giving it any consideration, Walker v. United States, 7 Cir., 218 F.2d 80; Stern v. United States, 4 Cir., 219 F.2d 263; United States v. Kaiser, 7 Cir., 138 F.2d 219, in order to settle the question on the merits, we hold that there was no violation of the rights of defendants in this respect. The court had appointed counsel for him and he had been sentenced on his own plea of guilty. There is no rule of law requiring the court in such a situation to advise defendant of his right to appeal.

■ Defendant seems to urge that the evidence did not support his conviction.

This point, too, was raised first in this court. Furthermore, to our mind, it has no place in argument on appeal, in view of the fact that the conviction was upon a plea of guilty.

■ Defendant seems to argue that he was not adequately represented by counsel, yet not the slightest evidence was submitted that counsel was incapable, inattentive, or other than loyal and faithful. Rather, the transcript reflects reputable and careful service.

We find no error in the record.

The judgment is

Affirmed.