**Ben HOLMES, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 13901.**

United States Court of Appeals Seventh Circuit.

Oct. 10, 1963.

Ben Holmes, in pro. per.

James P. O'Brien, U. S. Atty., Chicago, Ill., John Peter Lulinski, John Powers Crowley, Robert S. Atkins, Asst. U. S. Attys., of counsel, for plaintiff-appellee.

Before SCHNACKENBERG, CASTLE and SWYGERT, Circuit Judges.

SWYGERT, Circuit Judge.

Petitioner appeals from a denial of a motion filed pursuant to 28 U.S.C. § 2255.

In July, 1960, petitioner was charged by indictment with sale and possession of narcotics in violation of the federal narcotics laws. On January 19, 1961, he was given permission by the district court to withdraw his plea of not guilty and substitute a guilty plea. At the time he was represented by counsel of his own choosing. The district judge examined petitioner about his understanding of the charges and the maximum sentence which could be imposed. Petitioner indicated he intended to persist in his plea of guilty. On a subsequent day petitioner was sentenced to imprisonment.

In May, 1962, petitioner filed the instant motion to vacate sentence, wherein he alleged that his constitutional rights were violated in that he was mentally incompetent, due to the administration of drugs, at the time of his arraignment and sentence. The court granted a hear-

ing and ordered petitioner returned from prison so that he might testify in his own behalf.

At the hearing, there was evidence that petitioner had been a drug addict for approximately seventeen years, that he was taking shots of heroin and morphine three times a day and that he had injected one-sixteenth of an ounce of these drugs into his body approximately one and one-half hours prior to his appearance in court on the day he entered his plea of guilty and also on the day of sentence.

Petitioner's counsel testified that in her opinion petitioner was not under the influence of narcotics during his appearances in court. She observed that petitioner had no difficulty in holding his head up or keeping his eyes open, nor did she notice any evidence of shaking.

A medical witness for the government testified that a drug addict such as Holmes was mentally competent to understand the nature of the proceedings against him after having taken shots of narcotics.

Petitioner's expert witness, a psychiatrist, testified that a person such as the petitioner "would be capable of understanding cognitively the nature of the charges [but] he might not respond appropriately to them."

The court concluded that petitioner's plea of guilty was free and voluntary and that he fully understood the proceedings then pending against him; furthermore, that the fact that petitioner was a drug addict and had used narcotics prior to his appearance in court had no effect on his ability, understanding or competency to enter the plea of guilty.

▆ Petitioner had the burden to establish his contention. Hearn v. United States, 194 F.2d 647 (7th Cir. 1952). He did not meet the burden. The court's findings are supported by the evidence and can in no sense be held to be clearly erroneous.

▆ Petitioner's competency was the primary issue at the hearing and the only issue that was before the district court which he urges on this appeal. He now additionally contends that he was denied the right to effective representation by counsel. This issue, not having been presented in the district court, cannot now be raised on appeal. United States v. Shelton, 249 F.2d 871 (7th Cir. 1957). Notwithstanding, we are satisfied from the record that there is no evidence which would indicate that petitioner's attorney breached her duty to faithfully represent him. Moreover, at the hearing on the motion, the district judge made reference to the competence of the attorney by saying, "during the pendency of said indictment, the petitioner was represented by an able and experienced attorney of his own choice  .  .  .."

The order denying the motion to vacate the sentence is affirmed.