**Richard Stuart AUSTIN, Petitioner-Appellant,**

**v.**

**UNITED STATES of America, Respondent-Appellee.**

**No. 15582.**

United States Court of Appeals
Sixth Circuit.

July 15, 1964.

Lewis G. Gatch, court appointed, Cincinnati, Ohio, for appellant.

H. David Soet, Asst. U. S. Atty., Grand Rapids, Mich. (George E. Hill, U. S. Atty., Grand Rapids, Mich., on the brief), for appellee.

Before MILLER and CECIL, Circuit Judges, and BROOKS, District Judge.

PER CURIAM.

The appellant, Richard Stuart Austin, was indicted on November 1, 1961, in the United States Court for the Western District of Michigan for sending an obscene letter in the mail, in violation of the provisions of Section 1461, Title 18, United States Code. On January 26, 1962, he waived counsel and trial by jury and pleaded guilty. On February 19, 1962, he received a sentence of three years with the recommendation of the Court that he be given medical and psychiatric care.

On May 9, 1963, appellant, while confined in the Medical Center for Federal Prisoners at Springfield, Missouri, filed the present "Application for New trial and writ of Habeas Corpus pursuant to Section 2255, Title 28, U.S.Code." It is somewhat difficult to determine exactly what are the grounds relied upon in this application although appellant, among other contentions, attacks the validity of the judgment because of lack of jurisdiction and illegally obtained evidence by reason of delivery of the letter to the wrong person. The District Judge, in a written opinion, discussed and rejected appellant's contentions, and expressly found that the District Court had jurisdiction of the offense and that at the time of the arraignment the appellant fully understood the crime charged against him and voluntarily pleaded guilty of the offense. He treated the application as a motion to vacate the judgment under Section 2255, Title 28, United States Code, and denied the same.

In our opinion, there is no merit in any of appellant's contentions. The findings of the District Judge are fully supported by the evidence and are accepted on this appeal. We concur in the ruling.

Court-appointed counsel, appearing for the first time on this appeal, and with little, if anything, of merit available to present to us, urges upon us that by reason of certain conduct on the part of the appellant the District Judge should have taken steps to ascertain at the time of the arraignment whether appellant was mentally able to waive counsel and enter a plea of guilty. Under some circumstances this is the duty of the District Judge. Section 4244, Title 18, United States Code. However, in the absence of a motion to that effect, the facts coming to the attention of the District Judge may not require such action. Lebron v. United States, 97 U.S. App.D.C. 133, 229 F.2d 16, cert. denied, 351 U.S. 974, 76 S.Ct. 1035, 100 L.Ed. 1492. See: Krupnick v. United States, 264 F.2d 213, 216, C.A.8th. This issue was not raised in the District Court and was first brought to the attention of the Court in the argument on appeal. It will not be considered on this appeal. Standley v. United States, 318 F.2d 700, 701, C.A.9th; Johnston v. United States, 254

F.2d 239, 241, C.A.8th; United States v. Shelton, 249 F.2d 871, 874, C.A.7th; Hornbrook v. United States, 216 F.2d 112, 113, C.A.5th.

The judgment is affirmed.