**John KIRK, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 18233.**

United States Court of Appeals, Seventh Circuit.

June 23, 1971.

Rehearing Denied Sept. 22, 1971.

---

**750**

Pell, Circuit Judge, dissented and filed opinion.

Michael E. Phenner, Chicago, Ill., for petitioner-appellant.

William J. Bauer, U. S. Atty., Farrel J. Griffin, Asst. U. S. Atty., Chicago, Ill., for respondent-appellee; John Peter

Lulinski, Jeffrey Cole, Asst. U. S. Attys., Chicago, Ill., of counsel.

Before MAJOR, Senior Circuit Judge, and FAIRCHILD and PELL, Circuit Judges.

FAIRCHILD, Circuit Judge.

This is an appeal from a denial of a motion to vacate a sentence under 28 U.S.C. § 2255.

On November 14, 1966, John Kirk was convicted by a jury of selling heroin in violation of 26 U.S.C. § 4705(a) and 21 U.S.C. § 174. The district court imposed sentence, but did not advise Kirk "of his right to appeal and of the right of a person who is unable to pay the cost of an appeal to apply for leave to appeal in forma pauperis." Such advice was required by Rule 32(a) (2), F.R.Cr.P., as amended, effective July 1, 1966.

Kirk was represented at trial by retained counsel. Counsel filed a notice of appeal November 23 and on January 3, 1967, obtained a 20 day extension for filing the record, but took no further steps. On April 5, 1967, on motion of the government, copies of the motion having been mailed to Kirk and counsel, this court ordered the appeal docketed and dismissed.

Kirk prepared and presented his § 2255 motion without counsel. We appointed counsel for him on appeal. Appointed counsel has brought to our attention the record which shows the failure of the district court to fufill Rule 32(a) (2), and argues that the denial of the motion must be reversed on that ground, if no other.

Rodriquez v. United States [1] dealt with a similar failure to advise a convicted defendant of his right to appeal, although the rule then in force was Rule 37(a) (2), applying to a defendant not represented by counsel, and since replaced by present Rule 32(a) (2) applying whether or not the defendant is represented. The Supreme Court decided that it was unnecessary to deter-

I.   (1969), 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340.

mine whether the omission of the advice was in fact the cause of Rodriquez' failure to take an appeal, reversed the denial of the § 2255 motion, and remanded the case to the district court for re-sentencing, so that an appeal might be taken. We think it must clearly follow from *Rodriquez* that if Kirk had not filed a notice of appeal, the failure of the district court to give the advice called for by Rule 32(a) (2) would have required relief on a § 2255 motion.

We must consider, then, whether the fact that he took an appeal and later abandoned it, warrants a different result.

It is conceivable, of course, that Kirk, with advice of counsel, intelligently and voluntarily elected not to pursue his appeal. It is not improbable, however, that retained counsel felt he had fulfilled all the obligations he had undertaken and was unwilling to proceed, that Kirk, in prison and unable to pay for an appeal, was ignorant of the opportunity to perfect the appeal and obtain counsel without expense, and that he did not intelligently and voluntarily abandon the appeal. We cannot infer or presume, under the circumstances, that the abandonment was intelligent and voluntary. We could, if unwilling to infer or presume the contrary, remand for a factual inquiry to determine whether the omission of the advice required by the rule was a cause of the abandonment.

The Supreme Court in *Rodriquez* declined to order a factual inquiry and, in effect, presumed that the district court's failure to advise the defendant was a cause of defendant's failure to appeal. We consider a similar presumption appropriate in this case. In both instances the presumption advances a policy of protecting a convicted person's appeal, which, as noted in *Rodriquez*,[2] is a matter of right, and which Rule 32(a) (2) is designed to protect.

The result reached is consistent with policy considerations which led this court to adopt, as of September 22, 1969, its own Rule 17, regulating dismissal of criminal appeals and requiring the mailing of notice of proposed dismissal to the defendant personally. Paragraph (b) requires that "The notice shall inform such person that he may file objections or otherwise respond to the motion within thirty days after the date on which it was filed. * * * It shall also inform such person of his right to retain other counsel or, if appropriate, to have new counsel appointed." The events in this case took place before adoption of our rule, and the copy of the motion to dismiss mailed to Kirk did not contain such information.

The judgment appealed from is reversed and the cause remanded with directions to set aside the sentences and to impose new sentences, with appropriate advice, so that there will be an opportunity for a new appeal.

PELL, Circuit Judge (dissenting).

John Kirk, who was convicted by a jury in November of 1966 of selling heroin, is now to be brought before the district court again for resentencing because of non-compliance by the district judge with the newly adopted Rule 32 (a) (2), Fed.R.Crim.P., requiring that the convicted defendant be advised of his right to appeal and of his further right, if he is unable to pay the cost of appeal, to seek leave to appeal in forma pauperis. I must respectfully dissent from the majority decision which seems to me to be an undue extension of the plain purpose of the rule.

I do not quarrel with the analysis of the new rule as set forth in 2 Wright, Federal Practice and Procedure § 528, at 425–26 (1969):

"This requirement of Rule 32(a) (2) imposes a mandatory duty on the court. If the court fails to advise defendant as required by the rule, *and no timely appeal is taken,* the appellate court will vacate the sentence and remand the case for resentencing, at

**2.** 395 U.S. 327, 330, 89 S.Ct. 1715, 23 L.Ed.2d 340, citing Coppedge v. United States (1962), 369 U.S. 438, 441, 82 S.Ct. 917, 8 L.Ed.2d 21.

which time defendant can be properly advised of his right to appeal." (Emphasis supplied.)

Here in contradistinction to Rodriquez v. United States, 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969), a timely appeal was in fact and in law taken. When the notice of appeal was filed by the retained counsel the omission of the district judge could not be, in my opinion, other than harmless error.

That the appeal was initiated in good faith and for the purpose of having the conviction reviewed is evidenced by the subsequent securing of an extension of time for filing the record.

The fact that thereafter the appeal was dismissed by a three judge panel of this court *following* notice not only to the retained counsel but to the defendant himself should not be, in my opinion, the basis for converting what would clearly have been harmless error if the appeal had been pursued into cause for reversal.

The basic purpose of the rule obviously is to insure that the right of a convicted person to appeal is not lost through lack of being informed of the right. Here the purpose of the rule was realized when the appeal was timely taken.

Kirk contends that not being advised pursuant to Rule 32(a) (2) effectively denied him the right to a direct appeal. Since he did in fact initiate an appeal, the only remaining matter is that of a waiver of costs and fees involved in proceeding in forma pauperis.

Now four years later we find ourselves in the posture of speculating that the abandonment of a properly launched appeal may have flowed from a lack of knowledge of the right to proceed in forma pauperis.

Actually the defendant is in effect contending that the right to appeal was lost through unawareness of the right to appointment of counsel for an indigent. Indeed the majority opinion adverts to the right of counsel without expense. To give significance to the matter of appointed counsel in this case, irrespective of the later adopted and presumably not retroactive Rule 17 of this court, is to read into Rule 32(a) (2), Fed.R.Crim.P., a provision just plainly not there. The district judge would have fully complied with the rule then in effect by advising "the defendant of his right to appeal and of the right of a person who is unable to pay the cost of an appeal to apply for leave to appeal in forma pauperis."

As Mr. Justice Harlan stated in his concurring opinion in Mackey v. United States, 401 U.S. 667, 91 S.Ct. 1160, 1171, 28 L.Ed.2d 404 (April 5, 1971):

"No one, not criminal defendants, not the judicial system, not society as a whole is benefited by a judgment providing a man shall tentatively go to jail today, but tomorrow and every day thereafter his continued incarceration shall be subject to fresh litigation on issues already resolved."

Here Kirk although not advised expressly of his right of appeal, in fact had the right, accepted it and then applied it. This should be sufficient for finality.

Further, it is to be noticed that this point was first raised on appeal and respectable authority precludes its consideration here. *See, e. g.*, United States v. Garafolo, 385 F.2d 200, 205 (7th Cir. 1967), vacated on other grounds, 390 U.S. 144, 88 S.Ct. 841, 19 L.Ed.2d 970 (1968); Austin v. United States, 334 F.2d 75, 76 (6th Cir. 1964); Holmes v. United States, 323 F.2d 430, 431 (7th Cir. 1963); United States v. Shelton, 249 F.2d 871, 874 (7th Cir. 1957).

The other principal contention of Kirk appears to be directed toward a monitored telephone conversation in which he relies on United States v. White, 405 F.2d 838 (7th Cir. 1969). *White*, of course, is now of no help to him in view of the Supreme Court's reversal of that decision. 401 U.S. 745, 91 S.Ct. 1122, 28 L.Ed.2d 453 (April 5, 1971).

Other points raised both in the pro se brief and counsel's brief appear to me to be without merit.