**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**David W. CASWELL, Defendant–
Appellant.**

No. 94–1110.

United States Court of Appeals,
Seventh Circuit.

Argued June 7, 1994.

Decided Sept. 20, 1994.

Mark D. Stuaan, Asst. U.S. Atty., Indianapolis, IN (argued), for plaintiff-appellee.

Curtis Edward Shirley (argued), Cremer & Miller, William K. Deer, McTurnan, Cadwell & Deer, Indianapolis, IN, for defendant-appellant.

Before CUMMINGS, ALARCON * and EASTERBROOK, Circuit Judges.

CUMMINGS, Circuit Judge.

In December 1993 defendant David W. Caswell pled guilty to four counts of interstate transportation of fraudulently obtained money (18 U.S.C. § 2314) and two counts of failure to file income tax returns (26 U.S.C. § 7203). The plea and sentence of fourteen months in prison were docketed on December 22, 1993. Caswell did not appeal within the ten days provided in Rule 4(b) of the Federal Rules of Appellate Procedure.

On January 5, 1994, defendant filed a motion for extension of time to file a notice of appeal. At the same time he submitted a notice of appeal. On January 21 the district court granted his motion for extension of time and simultaneously issued an order that the notice of appeal filed on that date was deemed timely. On January 31 the court issued another order that the defendant's notice of appeal was deemed timely filed on January 5, and it extended the notice of appeal period to that date.

This appeal challenges only the calculation of defendant's sentence, not the entry of judgment on his plea of guilty. On December 17, 1993, when sentencing defendant, the district court denied the government's request for a two-level increase in the offense level under U.S. Sentencing Guidelines § 3A1.1 ("Vulnerable Victim"). Judge Tinder determined the sentencing guideline to be eight to fourteen months and imposed a sentence of fourteen months' incarceration. He also ordered the defendant to serve a period of three years' supervised release and to pay $35,000 in restitution, a $2,000 fine, and a $250 Special Assessment.

After the district court sentenced him to fourteen months' incarceration, defendant became dissatisfied with his trial counsel's performance, obtained new counsel and appealed.

*Violation of Federal Rule of Criminal Procedure 32(a)(2)*

 After imposing sentence in December 1993 the district court should have advised defendant of his right to appeal under Rule 32(a)(2). *Nance v. United States,* 422 F.2d 590 (7th Cir.1970); see also *Kirk v. United States,* 447 F.2d 749 (7th Cir.1971). However, the error was harmless because subsequently the district court extended the time to appeal and we accepted and processed the appeal. Cf. *United States v. Garcia–Flores,* 906 F.2d 147 (5th Cir.1990); *United States v. Drummond,* 903 F.2d 1171 (8th Cir.1990), certiorari denied, 498 U.S. 1049, 111 S.Ct. 759, 112 L.Ed.2d 779 (1991); *Hoskins v. United States,* 462 F.2d 271 (3d Cir.1972); *United States v. Deans,* 436 F.2d 596 (3d Cir.), certiorari denied, 403 U.S. 911, 91 S.Ct. 2211, 29 L.Ed.2d 688 (1971). This case is thus distinguishable from *Nance* and *Kirk,* where the failure to inform the defendant of his rights arguably prejudiced him. See also

* The Honorable Arthur L. Alarcon of the United States Court of Appeals for the Ninth Circuit is sitting by designation.

*Johnson v. Norton,* 435 F.2d 842 (1st Cir. 1970). We agree with the government that in the circumstances of this case, where defendant was not denied his right of appeal, the technical violation of Federal Rule of Criminal Procedure 32(a)(2) was harmless.

### Calculation of Defendant's Criminal History

■ Defendant argues that his Kentucky conviction for theft of services under $100 should not have been counted in his criminal history, relying on U.S. Sentencing Guidelines § 4A1.2(c) and §§ 4A1.2(f) and (j). Section 4A1.2(c) ("Sentences Counted and Excluded") provides in pertinent part:

> Sentences for all felony offenses are counted. Sentences for misdemeanor and petty offenses are counted, except as follows:
> (1) Sentences for the following prior offenses and offenses similar to them, by whatever name they are known, are counted only if (A) the sentence was a term of probation of at least one year or a term of imprisonment of at least thirty days, or (B) the prior offense was similar to an instant offense [one of the offenses currently being sentenced].

On the list of sentences for petty offenses that are not counted unless a condition in Part A or B is met is "insufficient funds check." Defendant argues that theft of services under $100 is an offense "similar" to that of writing an insufficient funds check so as to bring it within the purview of Section 4A1.2(c)(1). Assuming, without deciding, that defendant is correct in this regard, the sentence for the theft of services must nonetheless be counted under part (A) of the Section. Defendant's sentence for the theft of services charge included a sentence of 90 days' incarceration, suspended on condition that defendant not commit any theft-related services in Kentucky for two years. This conditional suspension of the sentence is sufficiently similar to a term of probation that the sentence was properly counted pursuant to Section 4A1.2(c)(1)(A). *United States v. Caputo,* 978 F.2d 972, 976–77 (7th Cir.1992).

■ Defendant, however, argues that the theft of services charge involves a diversionary disposition or expunged conviction. Under U.S. Sentencing Guidelines § 4A1.2(f),

"Diversion from the judicial process without a finding of guilt ... is not counted. A diversionary disposition resulting from a finding or admission of guilt, or a plea of *nolo contendere,* in a judicial proceeding is counted as a sentence...." In this case, defendant's Kentucky sentence was entered after a finding of guilt following a guilty plea. Although defendant subsequently obtained a *nunc pro tunc* order from the Kentucky courts noting that his charge was "pre-trial diverted," the order did not address the finding of guilt made upon his plea of guilty. Under these circumstances the *nunc pro tunc* order does not affect the calculation of defendant's sentence. Cf. *United States v. Stowe,* 989 F.2d 261, 263 (7th Cir.1993).

■ Likewise, we cannot accept the argument that the *nunc pro tunc* order somehow expunged defendant's Kentucky conviction, thus triggering U.S. Sentencing Guidelines § 4A1.2(j), which provides, "Sentences for expunged convictions are not counted...." First, this argument was not urged before the district court and is therefore waived. *Drake v. Clark,* 14 F.3d 351, 355 (7th Cir. 1994). At any rate, the argument cannot be accepted because the record does not show that his Kentucky conviction was expunged. Assuming that Caswell is arguing that his Kentucky conviction should have been expunged but was not and therefore should not be counted, the sentencing hearing was not the appropriate forum to examine that question. *United States v. Mitchell,* 18 F.3d 1355, 1360–1361 (7th Cir.1994), petition for certiorari filed (No. 94–5499) Aug. 1, 1994; see also, e.g., *United States v. Elliott,* 992 F.2d 853, 856 (8th Cir.1993), certiorari denied, —— U.S. ——, 114 S.Ct. 2139, 128 L.Ed.2d 868 (1994).

### Ineffective Assistance of Counsel

■ Defendant also complains that his prior counsel rendered ineffective assistance before the trial court. He raises his prior counsel's failure to object to the use of the Kentucky conviction, asserts that trial counsel was deficient in presenting him for sentencing because counsel made him late for the hearing, and argues that his familial responsibilities and employment history were

not presented sufficiently. As to tardiness, defendant did not ask for additional time to consult with counsel nor did he show that he had been prevented from consulting with his counsel prior to the hearing, and the court considered that the late start for the hearing was no one's fault. His employment history was mentioned by trial counsel to show that defendant could make restitution and therefore should not be incarcerated. As to defendant's familial responsibilities, the district court stated that such matters had been brought to its attention when the original lawyer was arguing for a lenient sentence for defendant.

Even if trial counsel's performance fell below an objective standard of reasonableness so as to be considered deficient under the first prong of *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984), defendant cannot demonstrate prejudice therefrom. Counsel's performance did not render his sentencing fundamentally unfair or make the result unreliable. Cf. *Durrive v. United States,* 4 F.3d 548, 551 (7th Cir.1993); *United States v. Holland,* 992 F.2d 687, 691 (7th Cir.1993).

The sentence imposed by the district court is affirmed.