46 F.3d 1134
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ray COLON, Defendant-Appellant.
 No. 94-2323.
 United States Court of Appeals, Seventh Circuit.
 Argued: Dec. 6, 1994.
Decided: Jan. 25, 1995.
 
 Before REAVLEY, EASTERBROOK and MANION, Circuit Judges.
 
 ORDER
 
 1
 In the early morning hours of December 31, 1992, Ray Colon sold 53 grams of cocaine to Mark Geissler, who immediately sold that cocaine to an FBI informant. Both Geissler and Colon were arrested. After a jury trial in which Geissler testified for the government, Colon was convicted for possession with intent to distribute cocaine. On appeal Colon argues that he received ineffective assistance of counsel, the trial court erroneously admitted or excluded certain evidence, and the trial court erred when determining his sentence. We affirm the district court.
 
 I. Facts
 
 2
 During December of 1992, an informant, Joe Vega ("Vega"), told the Federal Bureau of Investigation ("FBI") that Marc Geissler ("Geissler") was planning an armed invasion of a drug house. At the FBI's direction, Vega arranged to purchase cocaine from Geissler on the night of December 30, 1992. Shortly after Vega placed his order, Geissler placed a telephone call to Ray Colon's residence. When Vega called Geissler again to confirm their deal, Geissler, in turn, called Colon.
 
 
 3
 Vega arrived at Geissler's home at approximately 11:55 p.m. on December 30, 1992 wearing a concealed recording device. When Vega gave Geissler $1,900 for the cocaine, Geissler told Vega that he had to page "Ray." Geissler called the number for Colon's pager, and later Colon returned that call.
 
 
 4
 Colon arrived at Geissler's house at about 12:45 a.m. on December 31, 1992. After Colon entered the house, he and Geissler went directly to the upstairs bathroom where Colon gave Geissler the cocaine. When they came downstairs from the bathroom, Colon immediately left the house, and Geissler immediately gave the cocaine to Vega, who also departed. Geissler was arrested on December 31, 1992. Eventually, he entered into a plea agreement whereby he agreed to cooperate with the government in related prosecutions.
 
 
 5
 Pursuant to his plea agreement Geissler testified for the government at Colon's trial. Geissler's testimony recounted the transaction described above. In addition, Geissler testified that Colon had sold him cocaine in one-quarter to one-half ounce increments, on at least six prior occasions. These drug transactions had occurred in the four to six weeks before the December 31, 1992 sale and always took place at the home of Geissler or Colon.
 
 
 6
 Colon, who also testified at trial, denied that he sold cocaine to Geissler on the night of December 31, 1992. He pointed out that Geissler had many visitors on that night, and he argued that one of these other visitors had supplied the cocaine. Colon also testified that he had visited Geissler, at his request, because Geissler had offered him employment at the Rockford Office Supply, where Geissler was manager.
 
 
 7
 The jury convicted Colon of possession with intent to distribute cocaine in violation of 21 U.S.C. Sec. 841(a)(1), and a date was set for sentencing. During Colon's sentencing hearing the district court found that Geissler's testimony concerning prior drug transactions with Colon was credible. Therefore, the court determined that another 49 grams of cocaine should be considered as relevant conduct when Colon's base offense level was calculated under the Sentencing Guidelines. As a result, the district court found that Colon's base offense level was 18. The district court also added an additional two levels for obstruction of justice which gave Colon a base offense level of 20. Colon was sentenced to 6-1/2 years. He appeals his conviction and sentence.
 
 II. Analysis
 
 8
 On appeal Colon argues that his conviction should be reversed for many reasons. First, Colon offers a long list of his trial counsel's "errors" and argues, more or less, that he must have received ineffective assistance because he has compiled such an impressive list. In a similar fashion, Colon argues that the district court improperly admitted or excluded certain evidence. Colon also challenges his sentence. Here, he argues that the district court clearly erred when it credited Geissler's testimony about the prior drug transactions and considered those transactions as relevant conduct for sentencing purposes. He also argues that the district court erred when it calculated his base offense level.
 
 A. Ineffective Assistance of Counsel
 
 9
 Colon has produced an extensive list of alleged errors designed to support his ineffective assistance claim. Specifically, Colon claims that his trial counsel rendered ineffective assistance because: (1) he failed to file discovery motions; (2) he did not get enough Hispanics on the jury and failed to question potential jurors about their attitude towards defendants who invoked their Fifth Amendment privilege; (3) he committed Colon to testifying in his opening statement; (4) he failed to raise certain evidentiary objections; (5) he failed to move for the exclusion of an FBI agent, who was also a witness, from the courtroom; (6) he filed no post-trial motions attacking the verdict or trial proceedings; (7) he filed no written objections to the government's request for a two-level sentence enhancement for obstruction of justice and failed to contest the government's representation as to the quantity of drugs that should be considered for sentencing purposes; (8) he failed to advise Colon that he could be penalized for false testimony.
 
 
 10
 But Colon has not made the showing of prejudice essential to success on those grounds. See Strickland v. Washington, 466 U.S. 668, 694 (1984); U.S. v. Caswell, 36 F.3d 29, 32 (7th Cir. 1994). He fails to show that but for these errors, it is reasonably probable he would not have been convicted. Id. Colon admits as much when he urges us to adopt a bright-line rule which compels reversal whenever such a large number of "errors" are found. He also implies that some alleged errors should be per se ineffective assistance, regardless of the probable impact on the trial. We decline his invitation because it cannot be reconciled with Strickland, which governs these claims, and would encourage the pointless nitpicking that characterizes Colon's appellate argument. Colon's brief exemplifies the very "Monday morning quarterbacking" that does not provide the basis for a successful claim. See U.S. v. Figueroa, 15 F.3d 706, 710-11 (7th Cir. 1994); U.S. v. Herrera-Rivera, 25 F.3d 491, 496 (7th Cir. 1994). Indeed, Colon's request for bright-line rules that provide guidance for future litigants rings hollow because with this appeal he has ignored the significant guidance this court has earlier provided: we remind Colon again, as we did at oral argument, that ineffective assistance claims are best left for collateral review. See U.S. v. South, 28 F.3d 619, 629-30 (7th Cir. 1994).
 
 
 11
 Colon's inability to satisfy Strickland's prejudice requirement is unsurprising given the trial court's favorable assessment of his counsel's performance. For example, at Colon's sentencing the trial court expressly noted that his counsel had successfully raised certain technicalities in Colon's record which, if unchallenged, would have resulted in his treatment as a career offender and a sentence in the neighborhood of 18 years.[1] The court further stated, "I want you to understand that...your lawyer has represented you very well in this case, both at the trial and at sentencing, [and] that you very well could have been found not guilty because of the excellent job he did."[2] In fact, Colon concedes that he has chosen to advance his ineffective assistance claim on direct appeal precisely because he believes that an evidentiary hearing would be pointless given the trial court's favorable assessment of his counsel's performance. We accept this strategic decision, but we reject Colon's effort to circumvent Strickland.
 
 B. Evidentiary Challenges
 
 12
 Colon's evidentiary challenges are likewise unavailing. Here again Colon presents a laundry list of alleged errors and argues, more or less, that somehow reversal must be required.[3] The only issue that merits discussion concerns the trial court's admission of evidence about prior drug transactions between Colon and Geissler. The government introduced this evidence under Fed. R. Evid. 404(b) to prove that Colon intended to distribute cocaine when he visited Geissler's home in the early morning hours of December 31, 1992; but evidence of prior bad acts ordinarily is not admissible to prove general intent crimes such as distribution of cocaine. See U.S. v. Manganellis, 864 F.2d 528, 539 (7th Cir. 1988); U.S. v. Schackleford, 738 F.2d 776, 781 (7th Cir. 1984). This evidence was properly admitted in Colon's case, however, because Colon's defense - that he visited Geissler to discuss possible employment, not to distribute cocaine - put his intent when visiting Colon at issue. See U.S. v. Tai, 994 F.2d 1204, 1210 (7th Cir. 1993) (evidence of prior bad acts properly admitted, even where charged crime required no specific intent, because defense put intent at issue); U.S. v. Schweihs, 971 F.2d 1302, 1312 (7th Cir. 1992) (same). In short, neither this evidentiary ruling, nor the others Colon challenges, constitutes reversible error.
 
 C. Sentencing Challenges
 
 13
 Colon's challenges to his sentence also fail. First he claims that the trial court clearly erred when it credited Geissler's testimony concerning his prior drug transactions with Colon. But we will not second-guess the trial court's credibility assessment. See U.S. v. Wilson, 31 F.3d 510, 516 (7th Cir. 1994) (credibility judgments of witnesses are left to the sound discretion of the trial court). Colon also argues that his prior drug sales to Geissler are not relevant conduct within the meaning of the Sentencing Guidelines although the sales involved the same parties, took place in the same two locations, involved street-level quantities, and occurred in the six weeks prior to his offense of conviction. Given the case law defining relevant conduct, this argument is untenable. The district court's determination that these prior transactions were relevant conduct is not clearly erroneous. See U.S. v. Montgomery, 14 F.3d 1189, 1198 (7th Cir. 1994) (repeated street-level sales of the same substance at approximately the same locations was properly considered relevant conduct.); U.S. v. Cedano-Rojas, 999 F.2d 1175, 1180 (7th Cir. 1993) (drug transactions two years prior to offense of conviction was relevant conduct where transactions involved same parties, took place in same geographic location and involved similar quantities of drugs); U.S. v. Rivera, 6 F.3d 431, 444-45 (7th Cir. 1993) (same). Colon's argument that the district court erred when determining his base offense level is also groundless. The district court found that Colon's base offense level was 18 because he was responsible for distributing 102 grams of cocaine during the relevant time period, and that determination is correct. See USSG 2D1.1(c)(13). Colon was properly sentenced.
 
 
 14
 For the foregoing reasons, we AFFIRM.
 
 
 
 *
 Hon. Thomas M. Reavley, of the Fifth Circuit, sitting by designation
 
 
 [1]
 See Transcript from May 20, 1994 sentencing hearing at pp. 15-16, 31. Colon received only 6-1/2 years
 
 
 [2]
 See Transcript from May 20, 1994 Sentencing Hearing, p. 31 [brackets supplied]. Of course we recognize that the trial judge's assessment is not necessarily dispositive, but it does support our conclusion that Colon has not made the showing required to establish ineffective assistance of counsel. See Figueroa, 15 F.3d at 711 n11
 
 
 [3]
 Specifically, Colons argues that the trial court erred when it: (1) admitted transcripts of tape recordings - as opposed to the actual tapes themselves - to be used by the jury during deliberations; (2) admitted evidence of the other drug transactions between Colon and Geissler to show intent and knowledge; (3) refused to admit certain hearsay statements by defendant's witnesses; and, (4) asked the jury to rely on their memory with respect to certain testimony rather than waiting for transcripts to be prepared