**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 95-30946

(Summary Calendar)
_____


UNITED STATES OF AMERICA,

                    Plaintiff-Appellee,

versus

ERIC LAWAYNE THOMAS,
also known as Earl L Thomas,

                    Defendant-Appellant.


_____

Appeal from the United States District Court
For the Middle District of Louisiana
(95 CR 28 B)
_____
May 1, 1996

Before HIGGINBOTHAM, DUHÉ, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]


      Eric Lawayne Thomas pleaded guilty to one count of possession with intent to distribute cocaine base and one count of distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1). The district court sentenced Thomas to two concurrent terms of 228 months and a five year supervised release. On appeal, Thomas raises several points of error.

      Thomas contends that the government impermissibly manipulated

_____

      [*]    Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

his sentence by delaying his arrest until he had sold over five hundred grams of crack cocaine to the undercover agent, in order to "ratchet-up" his base offense level.[1] We have yet to recognize the claim of sentence factor manipulation[2] in this circuit, but instead have evaluated these claims under the due process "outrageous conduct" standard.[3] *See United States v. Tremelling*, 43 F.3d 148, 151-52 (5th Cir.) (declining to recognize claim of sentence manipulation, but instead applying due process test to determine if the government had impermissibly manipulated the amount of drugs), *cert. denied*, ___ U.S. ___, 115 S. Ct. 1990, 131 L. Ed. 2d 876 (1995). The record in this case supports the district court's finding that the government did not engage in "outrageous" conduct and that Thomas's willing participation in the escalating series of drug transactions constituted conduct properly considered in determining Thomas's base offense level. *See United States v. Evans*, 941 F.2d 267, 273 (5th Cir.) (holding that a defendant who actively participated in a series of drug transactions may not avail himself of the defense of outrageous government conduct), *cert. denied*, 502 U.S. 972, 112 S. Ct. 451, 116 L. Ed. 2d 468 (1991); *see also United States v. Shephard*, 4 F.3d 647, 649 (8th

---

[1] Thomas engaged in a series of five transactions in which he sold crack cocaine to an undercover agent in increasingly greater amounts, culminating in the final sale of 246.6 grams of crack cocaine.

[2] Sentencing factor manipulation "occurs when a defendant, although predisposed to commit a minor or lesser offense, is entrapped in committing a greater offense subject to greater punishment." *United States v. Staufer*, 38 F.3d 1103, 1106 (9th Cir. 1994) (internal quotation marks omitted).

[3] *See United States v. Washington*, 44 F.3d 1271,1279-80 (5th Cir.) (declining to address the viability of sentence manipulation claims), *cert. denied*, ___ U.S. ___, 115 S. Ct. 2011, 131 L. Ed. 2d 1010 (1995).

Cir. 1993) (recognizing legitimate government purpose in prolonging operation beyond initial transaction for the purpose of "establishing guilt beyond a reasonable doubt, probing the depth and extent of a criminal enterprise, determining whether a conspiracy exists, or tracing the drug deeper into the distribution hierarchy"), *cert. denied*, ___ U.S. ___, 114 S. Ct. 1322, 127 L. Ed. 2d 671 (1994).

Thomas next contends that the district court improperly considered a prior adjudication in determining his criminal history classification. According to the presentence report, Thomas pleaded guilty to a Louisiana state drug charge. The conviction was later set aside, pursuant to a Louisiana statute, after Thomas successfully completed a probationary period. Thomas argues that this conviction should not have been considered in calculating his criminal history because it was "expunged" from his record. *See* U.S.S.G. § 4A1.2(j) ("sentences for expunged convictions are not counted"). Thomas, however, presented no evidence to rebut the findings in the presentence report that this conviction had merely been set aside following a probationary period. The district court relied on the probation officer's research concerning the disposition of Thomas's prior sentence, and we will not disturb the district court's finding absent evidence to the contrary. *See United States v. Gaytan*, 74 F.3d 545, 558 (5th Cir. 1996) (requiring defendant to demonstrate that district court's sentencing information was "materially untrue" in order to prevail on appeal); *see also*, *United States v. Caswell*, 36 F.3d 29, 31 (7th

Cir. 1994) (declining to accept defendant's contention that prior conviction had been expunged because the record contained no evidence that the conviction had been expunged). Thomas pleaded guilty to the state drug charge. Although his conviction was later set aside, § 4A1.2(f) expressly allows the district court to consider "a diversionary disposition resulting in a finding or admission of guilt . . . even if a conviction is not formally entered." U.S.S.G. § 4A1.2(f); *see also United States v. Giraldo-Lara*, 919 F.2d 19, 23 (5th Cir. 1990) (holding that defendant's guilty plea in deferred adjudication proceeding is properly considered in calculating criminal history). Accordingly, the district court did not err by considering Thomas's prior adjudication in calculating his criminal history classification.

Finally, Thomas alleges that the district court erred by refusing to consider his § 5K1.1 motion for downward departure; that the sentencing guidelines related to cocaine base offenses are unconstitutional;[4] and that the district court erred by increasing his offense level for obstruction of justice. We find these claims to be without merit. Thomas's argument concerning the § 5K1.1 motion he attempted to file must fail. The plain language of § 5K1.1 indicates that to be considered, the government must file the motion. *See* U.S.S.G. § 5K1.1 ("Upon motion of the government . . . ."); *see also United States v. Harrison*, 918 F.2d 30, 32 (5th

---

[4] Thomas contends that the sentencing guidelines violate the Fifth Amendment's equal protection and due process requirements, the Eighth Amendment's prohibition against cruel and unusual punishment, and are unconstitutionally vague and ambiguous.

Cir. 1990) (holding constitutional § 5K1.1's requirement that government file motion before district court may depart on grounds that defendant provided "substantial assistance"). Similarly, Thomas's contentions concerning the constitutionality of the sentencing guidelines pertaining to crack cocaine offenses are foreclosed by Fifth Circuit precedent. *See United States v. Buchanan*, 70 F.3d 818, 828 n.9-10 (5th Cir. 1995) (cataloguing prior decisions rejecting constitutional challenges to sentencing guidelines applicable to cocaine base offenses), *cert. denied*, 1996 WL 96864 (Mar. 25, 1996). Finally, Thomas's contention that the district court erred in enhancing his sentence for obstruction of justice under U.S.S.G. § 3C1.1 must also fail. The record supports the district court's finding that Thomas willfully provided false testimony with the intent to exculpate a woman who was present during a drug transaction. Such perjury is sufficient to support a § 3C1.1 enhancement. U.S.S.G. § 3C1.1, comment. (n.3(b)); *United States v. Storm*, 36 F.3d 1289, 1297 (5th Cir. 1994), *cert. denied*, ___ U.S. ___, 115 S. Ct. 1798, 131 L. Ed. 2d 725 (1995).

For the foregoing reasons, we AFFIRM.