**Brian J. TRESS, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 95–3229.

United States Court of Appeals, Seventh Circuit.

Submitted April 25, 1996.

Decided June 14, 1996.

Brian J. Tress (submitted on briefs), Duluth, MN, Pro Se.

Michelle A. Leslie, Office of the United States Attorney, Milwaukee, WI, for Respondent–Appellee.

Before POSNER, Chief Judge, and MANION and KANNE, Circuit Judges.

POSNER, Chief Judge.

Brian Tress pleaded guilty to federal firearm violations. At his plea hearing, the judge told him that by pleading guilty he would be waiving his right to appeal his conviction but that "under some circumstances, you and/or the government would have the right to appeal any sentence that I impose." The judge did not explain what those circumstances might be. And at Tress's sentencing hearing, the judge, in violation of Fed.R.Crim.P. 32(a)(2) (now (c)(5)), failed to advise Tress of his right to appeal his sentence. Tress did not appeal, but later he filed a motion under 28 U.S.C. § 2255 to vacate his sentence and be resentenced so that he could appeal the sentence, which he contends violates the sentencing guidelines.

■ Tress argues that a violation of Rule 32(a)(2) is reversible error per se, and our decision in *Nance v. United States*, 422 F.2d 590 (7th Cir.1970), indeed so holds. See also *Kirk v. United States*, 447 F.2d 749 (7th Cir.1971). But in *United States v. Mosley*, 967 F.2d 242, 244 (7th Cir.1992), without citing *Nance* or *Kirk*, we held that the judge's "failure to tell the defendant about his right to appeal does not authorize relief of any kind if the defendant knew he could appeal." *Mosley* relied on the Supreme Court's decision in *United States v. Timmreck*, 441 U.S. 780, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979), which was decided after *Nance* and holds that a violation of the requirement of Fed.R.Crim.P. 11 that the judge, before accepting a guilty plea, advise the defendant of the maximum punishment that he faces does not authorize relief if the defendant knew what the punishment was. Yet several circuits, without attempting to distinguish *Timmreck*, continue to take the per se approach to violations of Rule 32(a)(2), see *Reid v. United States*, 69 F.3d 688 (2d Cir.1995) (per curiam); *United States v. Butler*, 938 F.2d 702 (6th Cir.1991) (per curiam); *Paige v. United States*, 443 F.2d 781 (4th Cir.1971); *United States v. Benthien*, 434 F.2d 1031, 1032 (1st Cir.1970), while others, also without citing *Timmreck*, follow the

harmless-error approach, *United States v. DeSantiago–Martinez*, 38 F.3d 394, 395–96 (9th Cir.1992) (per curiam); *United States v. Garcia–Flores*, 906 F.2d 147 (5th Cir.1990) (per curiam); *United States v. Drummond*, 903 F.2d 1171, 1174 (8th Cir.1990), and the Third Circuit takes an intermediate position. *Hoskins v. United States*, 462 F.2d 271, 274–75 (3d Cir.1972).

■ We think that *Timmreck* must be taken to overrule *Nance, Kirk*, and the other per se cases. We cannot see the difference between failing to tell the defendant the punishment he faces if he pleads guilty and failing to tell him about his right to appeal. If the defendant knows he has a right to appeal we do not see why the district judge's failure to mumble the prescribed litany should allow the defendant to sit on his right, and take an appeal years later. (Tress was sentenced in 1992, four years ago.) In general a criminal defendant who fails to appeal his conviction or sentence cannot later obtain an untimely appeal without showing a good reason for having failed to file the appeal when he should have. *United States v. Marbley*, 81 F.3d 51 (7th Cir.1996). And if he knew of both his right to appeal and the deadline for taking the appeal, the fact that the judge didn't tell him these things is not a good reason for his failing to appeal on time. The right to a trial is more fundamental than the right to appeal—criminal defendants had a right to trial hundreds of years before they had a right to appeal—yet a judge's failure to advise the defendant of his right not to plead guilty and instead to stand trial, another requirement of Fed.R.Crim.P. 11, will allow the defendant to withdraw his guilty plea and have a trial only if he can show that the failure caused him to waive his right. *Daniels v. United States*, 54 F.3d 290, 293 (7th Cir.1995). We cannot think why a different rule should apply to appeals.

■ There are two ways in which a violation of Rule 32(a)(2) might be harmless. One, which we have just discussed, is that the defendant might know that he could appeal his sentence without having been told by the judge that he could. The other is that, even if he did not know that he could appeal, he was not hurt because he had no meritori-

ous ground for an appeal. The practical objection to allowing this ground for urging harmless error is that it would require the defendant in his motion for relief under 28 U.S.C. § 2255 to specify the grounds for an appeal and show that they have some merit, and since defendants seeking postconviction relief are very rarely represented by counsel, this burden would be a heavy one. In a case in which, but for the district court's violation of Rule 32, the defendant would have appealed, he would have had a lawyer to help him show that the appeal had merit. He should not have to make the same showing without a lawyer's help because through no fault of his—rather through the fault of a district judge learned in the law—he didn't appeal earlier. (This shows the importance of confining relief to cases in which it really wasn't the defendant's fault that he didn't appeal in time, and thus of rejecting the per se rule of *Nance* and *Kirk.*) The Supreme Court held in *Rodriquez v. United States,* 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969), that when a defendant fails to file a notice of appeal because of his lawyer's lapse, the defendant is entitled to take a new appeal without showing that the appeal is likely to have any merit. See also *Castellanos v. United States,* 26 F.3d 717, 720 (7th Cir. 1994). We think the same should be true where the failure to appeal results not from a lawyer's error but from a judge's error.

It will not always be clear whose fault the failure to appeal was. The government in this case, while acknowledging as it must that the district judge violated the rule—because he said nothing to Tress *at the sentencing hearing* about Tress's right to appeal the sentence—argues that the violation is harmless because the judge had told Tress, at the guilty-plea hearing six weeks earlier, that he could appeal the sentence "under some circumstances." Given the lapse of time, and the vagueness injected by the reference to unspecified circumstances, the government's argument fails. Tress could well have thought that if one of those circumstances that would permit him to appeal came to pass, the judge would so advise him at the sentencing hearing. Of course, he may have known from other sources that he could appeal his sentence, but of this there is

no evidence and the burden of showing harmless error is on the party asserting it. *United States v. Olano,* 507 U.S. 725, 734–35, 113 S.Ct. 1770, 1777–78, 123 L.Ed.2d 508 (1993); *United States v. Patterson,* 23 F.3d 1239, 1255 (7th Cir.1994). We need not decide whether, as held in *United States v. Drummond, supra,* 903 F.2d at 1174, the government must demonstrate by clear and convincing evidence that the error in failing to comply with Rule 32(a)(2) was harmless. But we shall not conceal our doubts about the soundness of such a rule in light of *Timmreck* and *O'Neal v. McAninch,* — U.S. ——, ——, 115 S.Ct. 992, 994, 130 L.Ed.2d 947 (1995).

REVERSED.